STATE, Respondent, vs. WELLS, Appellant.

*March 10—April 3, 1928.*

*Forgery: Intent to defraud: Changing name of grantee in deed.*

1. An intention to defraud is an essential element of the crime of forgery, which must be proved to sustain a conviction. p. 553.
2. A conviction for forgery is *held* not sustained as to the named grantee in a deed which contained a clause requiring the grantee to assume a mortgage, who, at the suggestion of persons to whom he desired to reconvey the property and after an interview with the grantor, erased his own name and substituted that of another as grantee, since the circumstances negatived the existence of an intent to defraud. p. 554.

APPEAL from a judgment of the circuit court for Richland county: S. E. SMALLEY, Circuit Judge. *Reversed.*

*L. F. Wells,* the defendant, was convicted of the crime of forgery and appeals.

The defendant *Wells* negotiated a sale to Jane Ann Nanke of certain lands, title to which he had acquired from one O. C. Robbins through two separate deeds of conveyance. The bargain was concluded at 8 o'clock in the evening, at a time when the parties to the transaction were unable to procure any one to draw the conveyance. At the time there were present at the residence of *Wells* in Richland Center, Jane Ann Nanke, the purchaser, Steve Nanke, her husband, Mr. Hurless, a real-estate agent acting for Mrs. Nanke, and the defendant *Wells*. Mrs. Nanke and Mr. Hurless were desirous of having the deal closed that evening. It was suggested by Mr. Hurless that the conveyance could be accomplished and Mrs. Nanke vested with title to the premises by erasing the name of *Wells* from one of the deeds executed to him by Robbins, substituting her name, adding the description of the premises contained in the other deed from Robbins to *Wells,* and making delivery of that deed to Mrs. Nanke. It seems that *Wells* demurred for a time to concluding the deal in that way, but after some discussion concluded that he would see Robbins about it. He returned from Robbins' house, made the erasures and additions as suggested, and delivered the deed to Mrs. Nanke. It appears that the deed delivered by him to Mrs. Nanke and executed by Robbins contained an agreement on the part of the grantee to assume and agree to pay a certain mortgage then on the premises. There is a dispute between *Wells* and Robbins as to what was said as to whether Robbins gave permission to make the change in the deed. *Wells* testified that Robbins said it was all right. Robbins testified that he told him if he paid the mortgage he did not care what he did. Shortly after the transaction proceedings to foreclose the mortgage in question were commenced. Robbins demanded of *Wells* that he pay the mortgage. They jointly visited several persons

with a view of·obtaining the money to take up the mortgage, but without success. Robbins then instituted proceedings charging *Wells* with the crime of forgery. It further appeared that there were a number of judgments recorded against *Wells* in the office of the clerk of the circuit court for Richland county.

For the appellant there was a brief by *Brindley & Brewer* of Richland Center, attorneys, and *L. H. Bancroft* of Milwaukee, of counsel, and oral argument by *Mr. E. E. Brindley* and *Mr. Bancroft.*

For the respondent there was a brief by *Van R. Coppernoll,* district attorney of Richland county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Coppernoll* and *Mr. Messerschmidt.*

OWEN, J. An intention to defraud is an essential element of the crime of forgery. It must be proved. Wharton, Crim. Law, sec. 653; 26 Corp. Jur. 903; 12 Ruling Case Law, 142; note in 22 Am. Dec. 306; note in 23 Am. St. Rep. 123. "The principal criminal element in forgery consists in the fraudulent purpose, and the proofs of fraud must be substantially the same in criminal and civil cases. It can only be made clear by a full understanding of the entire surroundings of the transaction." *People v. Kemp,* 76 Mich. 410 (43 N. W. 439), at p. 417, quoting from *People v. Marion,* 29 Mich. 31, at p. 37. In *People v. Dane,* 79 Mich. 361, 44 N. W. 617, the court said: "There was proof that the deed was forged, and proof that Dane procured its acknowledgment by false personation. There was proof that would authorize the inference that he procured it to be recorded, and proof that he undertook to raise money on it. Any of these acts would be an uttering, if intended to defraud, of which there could be no doubt, if the facts shown were true."

The mere fact that *Wells* employed this method of con-

veying title to Mrs. Nanke, in view of the agreement in the deed to pay the mortgage and in view of the judgments recorded against him, would perhaps justify an inference that he employed this method for the purpose of defrauding his judgment creditors or for the purpose of escaping liability upon the agreement to pay the mortgage.   But the explanatory evidence revealing the situation and circumstances under which *Wells* was prompted to make the changes in the deed conclusively negative any intent on the part of *Wells* to defraud any one.   In the first place it was not his suggestion.   It was the suggestion of Hurless.   When suggested, he hesitated to do it.   When further urged, he said he would first go and see Robbins about it.   This he did, and although he and Robbins do not now agree as to what was said at the interview, *Wells* returned and made the change in the deed. The attitude of *Wells* before and after the transaction strongly indicates that his anxiety in the premises was set at rest by the interview.   It appears that all present believed that this was a legitimate and effectual way of passing title from *Wells* to Mrs. Nanke.   Although the method adopted was capable of working fraud, especially upon the judgment creditors, there is no reason to believe that the method was adopted for the purpose of working a fraud upon any one. This element must appear in order to constitute forgery.   To quote a characteristic expression of counsel for defendant: "The transaction was not forgery, it was foolishness."

*By the Court.*—Judgment reversed, and cause remanded with instructions to discharge the defendant.