Frank P. De Luca, J.
Motion for an order correcting the “ inventory ” to a search warrant signed on February 21, 1967, so that the “inventory” dated February 27, 1967, conforms with the receipt given to the defendant at the time of the search. Actually a motion to suppress those items of property included in the ‘ ‘ inventory ’ ’ and not made part of the receipt given to the defendant at the time of arrest. On February 21, 1967, a police officer having in his possession a search warrant took certain property under the warrant and gave a receipt listing the following numbered items:
“ 1) $255.00 — U. S. currency.
2) 1 black memo pad with pen.
3) 1 pr. men’s gloves.”
However, at the time the receipt was given to the defendant, the latter denied owning the gloves, and thereafter, in the presence of defendant’s counsel, the police officer struck from the receipt “ 1 pr. men’s gloves,” and initialed the same.
*511 On February 27,1967, the same police officer signed the inventory listing the following:
“$255.00 — U. S. currency;
1 — pr. brown men’s leather gloves;
1 — black memo pad with pen;
3 — slips of paper containing numerous horse bets.”
The defendant’s motion is directed to the suppression or removal of items listed as “ 1 pr. brown men’s leather gloves” and “ 3 slips of paper containing numerous horse bets,” since these items of property were not in fact included in the receipt given by the police officer to the defendant. The sole issue for this court to determine is the propriety of the use by the State of New York against the accused in a criminal prosecution of incriminatory additional data included in an inventory return, wholly different than those items receipted for at the time of the arrest.
Section 803 of the Code of Criminal Procedure demands of a police officer that “When the officer takes property under the warrant, he must give a receipt for the property taken to the person from whom it was taken by him ”.
Section 805 of the Code of Criminal Procedure demands that “ The officer must forthwith return the warrant to the judge, justice or magistrate, and deliver to him a written inventory of the property taken ’ ’.
A receipt may be defined to be such a written acknowledgment by one person of his having received money or property from another as will be and is prima facie evidence of that fact in a court of law; also an admission of a fact in writing; or an act of acceptance for something delivered. (Black’s law dictionary.)
There is no question that the action of the police officer in giving a receipt was not in violation of his mandatory duty under section 803 of the Code of Criminal Procedure. However, there is question as to whether the police officer failed to make an accurate return concerning the execution of the process, keeping in mind his written acknowledgment of having received or taken specific items from the defendant at the time of arrest.
Sections 803 and 805 of the Code of Criminal Procedure contain mandatory provisions with respect to receipts and inventories, and, where there has been compliance under section 803 of the Code of Criminal Procedure the inventory cannot be altered or varied or in any way be different, since these sections of the Code of Criminal Procedure specifically refer to items actually and in fact taken at the time of arrest, and to be otherwise would be to destroy the legal concept of “ receipt ” both civilly and criminally. Motion granted,