STATE, Respondent, v. CHRISTOPHERSON, Appellant.

*October 6—October 31, 1967.*

576

For the appellant there was a brief and oral argument by *James J. Caldwell* of Milwaukee.

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, and *Daniel L. La Rocque,* district attorney of Marathon county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

BEILFUSS, J.   The defendant raises five issues:

1. Was there sufficient evidence to establish venue in Marathon county as to count one of the information?

2. Does the evidence sufficiently show that defendant had the requisite intent to defraud at the time she signed her ex-husband's name to the May 10th check and at the time she uttered as genuine the June 10th check?

3. Was it error for the trial court to refuse to admit evidence concerning the ex-husband's alleged indebtedness to defendant?

4. Did the trial court err in failing to note defendant counsel's objections to statements made during the prosecution's closing argument?

5. Is the indeterminate two year sentence invalid due to the trial court's failure to specify on which conviction the sentence was imposed?

Defendant first contends that the evidence was insufficient to establish venue in Marathon county as to count one of the information.

Sec. 956.01, Stats., provides:

"(1) GENERAL RULE. Criminal actions shall be tried in the county or judicial district where the crime was committed, . . ."

The confession of the defendant received in evidence provides, in part, as follows:

"On May 10, 1966, I, my son and daughter and my son's boy friend were on the way up north to stay in the Boulder Junction area. On the way through Wausau we decided to stop for groceries. I did not have money for this so used some checks that I had picked up at the bank in Mukwonago. I knew my husband had an account there so signed his name to the checks, and then signed my name on the back. . . . The one I cashed in Wausau is the one which I was shown a copy of and was at Dale's Super Valu for $50.00. I feel that I needed the groceries and would have forged a check if it had been at home or here. . . ."

If the contention of the defendant is that the record does not reveal that Wausau is in Marathon county it must fail because the court can take judicial notice of that fact.

In *Ryan v. State* (1918), 168 Wis. 14, 15, 168 N. W. 566, it is stated:

"Courts of this jurisdiction take judicial notice of the location of the various political subdivisions of the state."

Wausau is in Marathon county.

If it is the contention of the defendant that the evidence does not show the check was actually drawn or forged by the defendant while she was in Marathon county this argument must also fail.

In addition to the statement of the defendant, the circumstantial evidence is sufficient to establish the venue in Marathon county.[1] The defendant forged the check; she had the check in her possession in Marathon county on May 10th, the date of the check and the date it was presented to the Super Valu store in Wausau for groceries and cash. In view of the fact that no evidence was introduced to in any way refute her presence in Wausau,

[1] *See Smazal v. State* (1966), 31 Wis. 2d 360, 142 N. W. 2d 808.

the inference that the check was forged in Wausau is reasonable and permissible.

The defendant's second contention is that the record does not afford sufficient evidence to sustain the verdict since it does not establish that the defendant had the requisite intent to defraud when she signed her ex-husband's name to the May 10th check; nor when she presented as genuine the June 10th check.

On appeal in a criminal case the test of the sufficiency of the evidence for a conviction is " '. . . whether the evidence adduced, believed and rationally considered by the jury, was sufficient to prove the defendant's guilt beyond a reasonable doubt.' *State v. Stevens* (1965), 26 Wis. (2d) 451, 463, 132 N. W. (2d) 502; *State v. Johnson* (1960), 11 Wis. (2d) 130, 137, 104 N. W. (2d) 379; *State v. John* (1960), 11 Wis. (2d) 1, 103 N. W. (2d) 304; *Parke v. State* (1931), 204 Wis. 443, 235 N. W. 775." *Oseman v. State* (1966), 32 Wis. 2d 523, 531, 145 N. W. 2d 766. Under this test the evidence is clearly sufficient. The following facts conclusively establish defendant's intent.

Firstly, defendant admits signing her ex-husband's name to the checks in question. She admits she made them out entirely by herself and presented them under the pretense that they were genuine in exchange for cash and merchandise. This court has said that uttering is at least conclusive proof of the defendant's intention to defraud. *Smazal v. State* (1966), 31 Wis. 2d 360, 364, 142 N. W. 2d 808. Further,

"The intent to defraud is to be inferred from the deliberate commission of a forgery. Thus knowingly passing a forged instrument as genuine is conclusive of an intent to defraud. Evidence that the advantage which the instrument, if genuine, would have given has been obtained, or that the injury which such an instrument could inflict has been accomplished, sufficiently shows an intent to defraud." 37 C. J. S., *Forgery*, p. 104, sec. 100.

Secondly, defendant testified that the reason she did not attempt a forgery at the bank in Mukwonago when she obtained the checks was because both her ex-husband and herself were known there and she knew the bank would not accept such a check from her. A reasonable inference from this fact, at least, would be that she intended to defraud the bank.

Thirdly, defendant testified that she thought her ex-husband would pay the checks. This, it seems, indicates an intent to defraud her ex-husband.

This court has held that the intent to defraud is sufficiently established regardless of who the intended victim may be. Whether defendant intended to defraud the bank, her ex-husband, or the merchants to whom she presented the checks is immaterial as long as she intended that someone be the victim of her actions. *Schmidt v. State* (1919), 169 Wis. 575, 578, 173 N. W. 638.

In an attempt to negate this clear appearance of an intent to defraud, the defendant alleges that her ex-husband owed her a substantial amount of money and that she was merely trying to draft against his funds thinking that he would pay the checks. She further alleges that she intended to pay the checks if her ex-husband did not. This state of mind not only fails to negate the intent to defraud, but is an admission of it. It is the general view that:

". . . An intent to use a false writing to gain some advantage is an intent to defraud even if the wrongdoer has an intent to make reparation at some future time. Thus, it is no defense to a charge of forging a promissory note [or check] that the forger intended to take up the paper at maturity, or even that he has actually done so. And an intent to use an instrument to which the signature of another is wrongfully attached is fraudulent even if that other actually owes the forger the amount of money represented and this is merely a device used to collect the debt. These results are necessary because the social interest in the integrity of instruments is violated by the

use of false writings, even under these circumstances. Furthermore, a false writing has such an obvious tendency to accomplish fraud that the jury is warranted in inferring such an intent from the mere creation of an instrument that is false . . . unless some adequate explanation is offered; . . .

"The fact that the one whose name was forged is willing to condone the offense and pay the obligation is no defense to forgery." Perkins, *Criminal Law* (1957), p. 305, sec. 8.

And in 37 C. J. S., *Forgery*, p. 61, sec. 41, it is stated:

"It is not a defense that accused . . . intended to take up the forged instrument or to reimburse the injured party, or has actually reimbursed the injured party; . . . that accused had or considered that he had a just claim for the amount which he would realize from a successful perpetration of the forgery; . . . that accused believed that he had a right to resort to forgery and other illegal acts to collect a debt; . . . So if a person used the name of another without authority, it is no defense that he thought the latter would pay rather than that there should be a criminal prosecution; or that he believed that the latter would not object, or would ratify his act, or even that there has been ratification, or condonation."

From the foregoing it is our conclusion that the evidence was sufficient to establish intent to defraud as to both checks as set forth in the information.

The foregoing also sufficiently disposes of defendant's contention that the trial court erred in refusing to admit detailed evidence of Mr. Christopherson's indebtedness to defendant. Attempt to collect a debt is no defense to forgery; evidence of indebtedness is irrelevant and the trial court imposed the proper limitation on the admission of such evidence.

Defendant contends there were several prejudicial statements made by the prosecution during closing argument. It is argued it was error for the court to omit noting defendant's objections to these statements.[2]

---

[2] Effective on January 1, 1968, will be a repeal of sec. 253.35 (2) (a), and the creation of sec. (rule) 256.55, Stats. Sub. (3) of the

It is not necessary to pursue this contention in view of this court's decision in *Zweifel v. Milwaukee Automobile Mut. Ins. Co.* (1965), 28 Wis. 2d 249, 256, 137 N. W. 2d 6,[3] where it was held that failure to move for a mistrial before the jury returned its verdict constituted waiver of complaints of impropriety with respect to closing argument by the adverse party's counsel. Whether the objections, rulings thereon, or the closing arguments were recorded is of no consequence since defendant is foreclosed from raising alleged improper and prejudicial argument as grounds for reversal in view of her failure to move for a mistrial before the verdict was rendered.

Defendant's final contention is that the sentence imposed is invalid because the trial court failed to specify on which count defendant was being sentenced.

While it is not the usual and not a preferred practice for a court to impose a general or single sentence covering two or more convictions, no authority, statutory or otherwise, has been cited prohibiting this type of sentence providing the single sentence is not in excess of the statutory maximum for any one conviction.

Sec. 959.07, Stats., provides that the court "may" impose as many sentences as there are convictions, and may provide that the sentences be consecutively served. The statute does not require that separate sentences be imposed for each conviction. Rather, the word "may" indicates that it is in the discretion of the trial court.

" 'Generally in construing statutes, "may" is construed as permissive and "shall" is construed as mandatory unless a different construction is demanded by the statute

---

new sec. 256.55 provides, in part: ". . . Opening statements and closing arguments shall be reported in any action upon request of a party or upon order of the court. A request to report opening or closing argument shall be made on the record before any such argument has commenced."

[3] *Also see Kink v. Combs* (1965), 28 Wis. 2d 65, 135 N. W. 2d 789, and *Smith v. Rural Mut. Ins. Co.* (1963), 20 Wis. 2d 592, 123 N. W. 2d 496.

in order to carry out the clear intent of the legislature.' " *State v. Camara* (1965), 28 Wis. 2d 365, 371, 137 N. W. 2d 1.

Furthermore,

"The rule is generally well-settled that a single sentence covering a number of counts on which accused is convicted will not be held invalid if the punishment thereby imposed does not exceed the maximum that could have been imposed for any single count sufficient to support it; . . ." 24 C. J. S., *Criminal Law,* p. 431, sec. 1567 (4).

The maximum statutory penalty was an indeterminate 10 year sentence on either or both of the counts on which defendant was convicted. Under the foregoing rule the sentence would be valid because it was for no more than 10 years.

The defendant has not been prejudiced by the imposition of a sentence for a single indeterminate term of not more than two years.

*By the Court.*—Judgment affirmed.