**WIESENBERGER SERVICES, INC.,**
**Plaintiff,**

v.

**RESPONSE ANALYSIS CORPORATION,**
**Defendant.**

No. 72 Civ. 5155.

United States District Court,
S. D. New York,
Civil Division.

Oct. 16, 1973.

———◆———

Abelson, Bromberg & Katz, New York City by David Bromberg, New York City, of counsel, for plaintiff.

Patterson, Belknap & Webb, New York City by Robert D. Sack, Karl E. Seib, Jr., New York City, of counsel, for defendant.

WHITMAN KNAPP, District Judge.

The sole question presented on plaintiff's motion to remand this diversity case to the Supreme Court, New York County is whether federal jurisdiction is precluded by the following language in the contract between the parties:

> This agreement may not be amended, modified, or discharged except in writing. This agreement shall be governed by, and construed in accordance with the laws of the State of New York, other than conflicts of law rules; and both of us agree that we will be and remain subject to the *in personam* jurisdiction of the courts of the State of New York with regard to this agreement.

I find that the parties by the quoted language merely intended to solve the problem of obtaining jurisdiction over each other in the event of a dispute, and did not intend to specify the forum in which such jurisdiction could be invoked. In this respect the contract differs from those involved in Monte v. Southern Delaware County Authority (3d Cir. 1963) 321 F.2d 870; General Phoenix Corporation v. Malyon (S.D.N.Y.1949) 88 F. Supp. 502; Wilson v. Continental Casualty Company (D.Mont.1966) 255 F. Supp. 622. In *Monte,* the contract specified a specific state court, the Court of Common Pleas. In the other two cases, involving contracts of insurance, the contract (a form drawn by the Company and presented to its policy holders on a take-it-or-leave-it basis) could reasonably be interpreted as offering its policy holders a choice of forum.

The motion to remand is accordingly denied.

So ordered.