**FIRST NATIONAL CITY BANK, Plaintiff,**

v.

**NANZ, INC., Robert W. Nanz, Individually and d/b/a Nanz Realty, Herbert J. Cleveland, Jr. and Scott K. Lowry, Defendants.**

**No. 74 Civ. 3692.**

United States District Court, S. D. New York.

June 12, 1975.

Morgan, Finnegan, Durham & Pine, K. E. Richter, New York City, for plaintiff.

Brumbaugh, Graves, Donohue & Raymond, New York City, for defendants.

## MEMORANDUM

STEWART, District Judge:

This is an action for nonpayment of a $1,000,000 promissory note caused by defendants' purported defaults under a contemporaneous loan agreement.[1] The loan agreement at issue contains a forum selection clause which provides in part that "the Supreme Court of the State of New York, within any county of the City of New York shall have jurisdiction of any dispute" between plaintiff First National City Bank ("Citibank") and defendants. Notwithstanding this clause, defendants removed the instant lawsuit from the New York County Supreme Court to this court on August 23, 1974.

At issue before this court now are Citibank's motion to remand this action to the New York State Supreme Court and defendants' motion to transfer the action to the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1404(a).

Citibank asks this court to decline to exercise jurisdiction over this case and to remand it to the New York State court, pursuant to 28 U.S.C. § 1447(c), on the ground that the defendants waived their right to removal by agreeing in the loan agreement to the above-noted forum selection clause. According to Citibank, the forum selection clause requires "any" dispute arising under this loan agreement to be litigated in the New York State Supreme Court. Defendants contend, by contrast, that the forum selection clause does not constitute an agreement to confer venue exclusively on the New York State courts.[2]

The Supreme Court recently held in an admiralty case that a forum selection clause which specified a certain country where suits would be determined should be enforced unless it could be shown that its enforcement would be "unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1904, 1916, 32 L.Ed.2d 513 (1972). At least one circuit court has expressed the view that the *Bremen* holding would probably apply to domestic choice of forum questions. *See In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220, 234 n. 24 (6th Cir. 1972) (dictum).

In the instant case, we do not believe that the forum selection clause at issue here is mandatory, requiring that any action under

---

1. Defendant Robert W. Nanz, individually and d/b/a Nanz Realty, has interposed a $50,000,-000 counterclaim against plaintiff First National City Bank asserting that the transaction evidenced by the note and loan agreement was only part of an integrated financing agreement which the bank has breached by its failure to make an additional $5,000,000 secured term loan. Defendant Herbert J. Cleveland has interposed a similar counterclaim seeking $10,-000,000. No counterclaims have been filed by the two remaining defendants, Nanz, Inc. and Scott K. Lowry.

2. Defendants also argue that Citibank is barred from moving to remand this action because of its notice to take defendants' depositions and requests for production of documents filed in this court. We disagree. The limited steps taken by Citibank are not deemed to constitute an implied waiver of jurisdiction or an acquiescence therein. *Heintz & Co. v. Provident Tradesmens Bank and Trust Co.,* 228 F.Supp. 165, 168 (E.D.Pa.1964).

the loan agreement be tried only in the New York State Supreme Court. Accordingly, the forum clause here is distinguishable from that in *Bremen,* which stated that "[a]ny dispute arising *must* be treated before the London Court of Justice." 407 U.S. at 2, 92 S.Ct. at 1909. (emphasis added). *See Central Contracting Co. v. Maryland Casualty Co.,* 367 F.2d 341 (3d Cir. 1966) ("The Subcontractor agrees that it *will not* commence any action . . . arising out of . . . this subcontract agreement, in any Courts other than those in the County of New York, State of New York . . . " (emphasis added). Rather, the forum selection clause here is similar to that in *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955 (5th Cir. 1974). In that case, the court construed a clause similar to the one here at issue which stated in pertinent part that "the parties submit to the jurisdiction of the courts of New York". 503 F.2d at 956. The court found that clause subject to two opposing, yet reasonable, interpretations. 503 F.2d at 957. Applying the rule of construction that any ambiguities should be construed against the drafter of the clause, the court concluded that the forum selection clause did not preclude an action in another forum.

■ We find that *Keaty* supports our conclusion that the forum selection clause here is not mandatory, since that clause does not clearly indicate that any dispute brought under the loan agreement must be litigated in the New York State Supreme Court. Rather, it is susceptible to the interpretation that the New York State Supreme Court could have jurisdiction of disputes under the loan agreement, but that other forums may also be appropriate. Since the loan agreement was drafted by plaintiff Citibank, we construe such an ambiguity against it, and find that the forum selection clause was not mandatory.

Citibank's reliance on *Perini Corp. v. Orion Ins. Co., Ltd.,* 331 F.Supp. 453 (E.D.Cal. 1971), is misplaced. In *Perini,* the insurer unequivocally agreed to submit to the jurisdiction of any court of competent jurisdiction selected by the assured and to comply with all requirements necessary to give such court jurisdiction. Here, by contrast, there was no such unequivocal agreement to submit to the jurisdiction of the New York State Supreme Court. For the same reason, *Lavan Petroleum Co. v. Underwriters at Lloyds,* 334 F.Supp. 1069 (S.D.N.Y. 1971) and *General Phoenix Corp. v. Malyon,* 88 F.Supp. 502 (S.D.N.Y.1949), cited by Citibank, are inapposite.

■ In any event, the *Perini* court held that the service of suit/forum selection clause did not constitute a waiver by defendants of their right to removal, but merely presented a situation in which the court should decline to exercise its jurisdiction in order to enforce the parties' forum selection agreement. Since we do not have a mandatory forum selection clause before us, we need not decide whether defendants waived their right to remove their action to federal court or whether we should decline to exercise jurisdiction. Accordingly, we hold that defendants properly removed this action to federal court,[3] and deny plaintiff's motion to remand this case to the New York County Supreme Court.

We next turn our attention to defendants' motion to transfer this action to the Eastern District of Wisconsin. The applicable statute, 28 U.S.C. § 1404(a), provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Initially, we note that this action might have been brought originally in the Eastern District of Wisconsin, since there is proper diversity of citizenship between the parties,

---

**3.** Citibank contends that this action ought to be remanded because defendants neglected to include with their petition for removal exhibits to the complaint, particularly the loan agreement with its forum selection clause. This omission is not a jurisdictional defect and does not war-

rant the remand of this case to the state courts. *See Dri Mark Products, Inc. v. Meyercord Co.,* 194 F.Supp. 536 (S.D.N.Y.1961). In any event, this defect was remedied by the inclusion of the omitted exhibits in plaintiff's moving papers.

and since venue there would have been proper. Additionally, we note that 12 U.S.C. § 94, the venue statute for national banking associations, is inapplicable, since this is an action by, rather than against, a national bank.[4]

■ However, we must also consider the related issue of whether 12 U.S.C. § 94 precludes transfer of this action as a result of defendants' counterclaims against Citibank, notwithstanding that it originally "might have been brought" in the Eastern District of Wisconsin.[5] Because 12 U.S.C. § 94 has been interpreted as a mandatory venue provision, see *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963), Citibank argues that it should not be required to defend counterclaims against it in Wisconsin. Citibank contends that if the defendants had sought to bring an original action against it, they could not have done so in Wisconsin (because of 12 U.S.C. § 94), and therefore, should not be allowed to do so in the instant case. In addition, Citibank notes with some persuasiveness that this is not a situation where it has voluntarily submitted itself to jurisdiction in Wisconsin, thereby waiving the 12 U.S.C. § 94 venue provisions and consenting to be sued by way of counterclaims in Wisconsin. Rather, Citibank reasons, to allow this action to be transferred would be to contravene the spirit and intent of 12 U.S.C. § 94. We agree. The purpose of 12 U.S.C. § 94 is to prevent inconvenience and interruption in the activities of a national bank by suits in state or federal courts in a state or federal district other than that in which the national bank has its main office, and to avoid the disruption of requiring bank records to be sent to distant forums. *Reaves v. Bank of America*, 352 F.Supp. 745 (S.D.Cal.1973). Those purposes would be frustrated if defendants were allowed to obtain a change of venue which would result in counterclaims brought against the bank in distant forums, without the bank's consent. *Cf. Southeast Guaranty Trust Co., Ltd. v. Rodman and Renshaw, Inc.*, 358 F.Supp. 1001, 1004–5 (N.D.Ill. 1973); *Swiss Israel Trade Bank v. Mobley*, 319 F.Supp. 374 (S.D.Ga.1970) (dismissing third-party complaints against national banks for improper venue).

■ Even if we did not construe the rationale of the national bank venue provision to preclude transfer, we would still decline to transfer this action.[6] This circuit has held that a plaintiff's choice of venue is entitled to substantial consideration. *A. Olinick & Sons v. Dempster Brothers, Inc.*, 365 F.2d 439, 444 (2d Cir. 1966). In addition, as we noted last year, under 28 U.S.C. § 1404(a), "a plaintiff still has the right to select a proper forum of his choice and such 'choice should not be disturbed unless the movant demonstrates that the balance of convenience and justice weighs heavily in favor of transfer.'" *Commercial Solvents Corp. v. Liberty Mutual Ins. Co.*, 371 F.Supp. 247, 249 (S.D.N.Y.1974) (citation omitted). It is not enough to show that defendants would be merely inconvenienced by the forum chosen by plaintiff. Nor is it sufficient for the defendants to show that the equities lean slightly in their favor. *Levin v. Mississippi River Corporation*, 289 F.Supp. 353, 360 (S.D.N.Y.1968). Defendants "must make 'a clear-cut showing' that the balance of convenience and the interests of justice favor trial in the proposed transferee forum rather than the present forum." *Id.*

---

**4.** 12 U.S.C. § 94 prohibits actions against national banks except "in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

**5.** Citibank concedes that but for the forum selection clause, it could have brought this action in the Eastern District of Wisconsin, in which case it would have been subject there to counterclaims.

**6.** Citibank argues that this action should not be transferred because defendants' affidavits detailing the identity and expected testimony of defendants' necessary witnesses are "conclusory" in form. We think this point is without merit. Any defects in defendants' original affidavits have been cured by their detailed supplemental affidavits.

We believe defendants have failed to meet this burden in the instant case. We recognize that certain factors cited by defendants militate in favor of transfer. Defendants' non-party witnesses are not subject to compulsory process in New York, and thus their depositions might have to be used, if they do not voluntarily appear for trial. This factor argues in favor of transfer, *see Commercial Solvents Corp. v. Liberty Mutual Ins. Co., supra,* but is not controlling, particularly where there has been no suggestion by defendants that their non-party witnesses could not or would not appear at a trial in New York. Another factor which ordinarily would tend to favor transfer of this action is the bankruptcy of defendant Nanz, and the desire of his bankrupt estate to conserve assets by minimizing litigation expenses. *See Lank v. Federal Ins. Co.,* 309 F.Supp. 349 (D.Del.1970). We do not accord this factor great weight in the instant case, since the litigation expenses are small in comparison to the $1,000,000 in the claim and the $50,000,000 involved in the Nanz counterclaim.[7]

With regard to the convenience of the parties, we do not find any reason to transfer this action, since plaintiff's officers and employees would be as inconvenienced by the necessity of a trial in Wisconsin as defendants would be by the requirement that they appear here for trial.

Finally, we conclude that it would not be in the interests of justice to shift the inconvenience of transporting witnesses and parties from defendants to plaintiffs, since, as we have noted, plaintiff's choice of forum is entitled to substantial consideration. Moreover, in this particular case, it would not be in the interest of justice to transfer this action where the overriding policies behind the venue statute for national banks require that this action be tried in New York. Finally, we note that one advantage of retaining jurisdiction is that this court is more familiar with New York law, which governs this case,[8] than are our learned brethren in the Eastern District of Wisconsin.

On balance, we hold that this case should not be transferred.

SO ORDERED.

---

7. Defendants also contend that the congestion of the court calendar in this district militates in favor of transfer. However, defendants have not shown that litigation would be more expeditious in Wisconsin than here.

8. Section 10.3 of the loan agreement provides that it "shall be deemed to be a contract made under the laws of the State of New York and shall be construed in accordance with the laws of the said State."