STATE of Wisconsin, Plaintiff-Appellant,

v.

Alvin DAVIS, Defendant-Respondent.

Court of Appeals

*No. 80–2164–CR. Submitted on briefs September 28, 1981.—*
*Decided December 22, 1981.*
(Also reported in 314 N.W.2d 907.)

For the plaintiff-appellant the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Stephen W. Kleinmaier,* assistant attorney general.

For the defendant-respondent the cause was submitted on the brief of *William J. Tyroler,* assistant state public defender.

Before Voss, P.J., Brown and Randa, JJ.

VOSS, P.J.   The State of Wisconsin appeals from an order dismissing the complaint against Alvin Davis for forgery.  At issue are two points: (1) Whether giving of a customer order form after receipt of money evinces an intent to commit forgery?  (2) Whether a receipt is a writing commonly relied upon in business or commercial transactions as evidence of debts or property rights? This court holds that the giving of a customer order form indicates an intent to defraud.  Also, a receipt is commonly relied upon in business or commercial transactions and, as such, is subject to the forgery statute.

The state charged Davis with two counts of forgery. Testimony revealed that on March 11, 1980, in two separate incidents, Davis indicated to Elizabeth Hujnen and Cynthia Bardull that Chapel Sales, Inc. had authorized Davis to sell magazines for them.  Both women agreed to purchase extensions for subscriptions they were receiving at that time.  Both paid Davis a small amount in cash.  Each paid the balance of the subscription rate with a check.  In both cases after the women had paid, Davis made out a writing which purported to be a customer order form for the total amount they had given him. After giving them this writing, he left.

Further testimony at Davis' preliminary hearing showed that at one time, Chapel Sales had authorized Davis to sell subscriptions.  However, on March 11, 1980, Davis was no longer authorized to make such sales. Nevertheless, Hujnen and Bardull still believed him to be authorized.

In the trial court, Davis filed a motion to dismiss the information.  He contended that the evidence presented

at the preliminary hearing did not support a finding of probable cause that a felony had been committed. The trial court ruled that no proof of a felony existed because the state had not proved intent to defraud or reliance by Hujnen or Bardull. Davis had also argued that the writings did not create legal rights or obligations, and they were not writings commonly relied upon in business and commercial transactions. The trial court did not reach that issue.

On appeal, the state argues that the writings Davis made are receipts. For this reason, sufficient evidence exists to show that they are writings relied upon in business transactions as proof of property rights. Additionally, the state contends that the evidence sufficiently indicates Davis' intent to defraud. We agree with the state.

### CUSTOMER ORDER FORMS ARE WRITINGS RELIED UPON IN COMMERCIAL TRANSACTIONS EVIDENCING DEBTS OR PROPERTY RIGHTS

#### A. Customer Order Forms Are Receipts

The Wisconsin Supreme Court has not specifically defined the word "receipt." However, other courts have consistently followed a fairly standard definition.

A receipt may be defined to be such a written acknowledgment by one person of his having received money or property from another as will be prima facie evidence of that fact in a Court of Law; also an admission of a fact in writing; or an act of acceptance of something delivered.

*People v. Fusaro,* 53 Misc. 2d 510, 511, 279 N.Y.S.2d 126, 128 (1967), *citing Black's Law Dictionary.* "[A] receipt

is a written acknowledgment of payment and therefore evidence of payment." *New York Life Ins. Co. v. Seifris,* 46 F.2d 391, 392 (3rd Cir. 1931). *Accord,* Perkins, *Criminal Law,* sec. 8(a), 342 (2d ed. 1969).

The test for identifying a receipt as genuine is whether the writing would operate to create a liability on either of the parties. *People v. Hester,* 180 N.W.2d 360, 362 (Mich. 1970). The writings in issue list the magazines and state "paid full" above the name and address of Chapel Sales, Inc. Also printed on the form are the words "Customer Order No." On its face, the writing acknowledges that the customer ordered the specified magazines, and Chapel Sales received payment in full. Had the writing been genuine, it would have created a legal obligation.

### B. Receipts Are Covered By The Forgery Statute

To determine if receipts are covered by the forgery statute, it is necessary to look at the present forgery statute, sec. 943.38, Stats., and its predecessor, sec. 343.56, Stats. (1953). Forgery requires a lie relating to the genuineness of a document, LaFave and Scott, *Handbook on Criminal Law,* sec. 90, p. 671 (1972). It may be accomplished by the fraudulent application of a false signature to a true instrument or a real signature to a false instrument. *Quick Service Box Co. v. St. Paul Mercury Indemnity Co.,* 95 F.2d 15, 16–17 (7th Cir. 1938).

The original forgery statute, sec. 343.56, Stats. (1953), gave a detailed list of the writings which could be

forged.[1] The problem with the old statute was that the terms were often vague, and it was difficult to know precisely what was covered. Wis. Leg. Council, *Judiciary Committee Report on the Criminal Code*, Vol. V at 131 (1953). To clear up the ambiguity, the legislature replaced the list of particular instruments with a functional definition of what instruments could be forged.[2]

---

[1] Section 343.56, Stats. (1953), read:

343.56 Forgery and counterfeiting. Any person who shall falsely make, alter, forge or counterfeit any public record, or any certificate, return or attestation of any clerk of a court, register of deeds, notary public, justice of the peace or any other public officer in relation to any matter wherein such certificate, return or attestation may be received as legal proof, or any charter, deed, will, testament, bond or writing obligatory, letter of attorney, policy of insurance, bill of lading, bill of exchange, promissory note or any order, acquittance or discharge for money or other property, or any acceptance of a bill of exchange, indorsement or assignment of a bill of exchange or promissory note, or other assignable instrument, or any accountable receipt for money, goods or other property, or any note, bond, certificate, bill of credit or any public security issued by any commissioner or other officer authorized to issue the same on behalf or for any debt of the United States or of this state or any municipal corporation therein, or any bank bill, treasury note, promissory note, draft, warrant, bond or other evidence of debt issued by the United States or by any state or territory of the United States or by any other state, government or country, or by any corporation or company duly authorized by the United States or by any state or territory of the United States, or by any other state, government or country and by the laws thereof with intent to injure or defraud shall be punished by imprisonment in the state prison not more than seven years nor less than one year.

[2] Section 943.38(1)(a), Stats., reads:

943.38 Forgery

(1) Whoever with intent to defraud falsely makes or alters a writing or object of any of the following kinds so that it purports to have been made by another, or at another time, or with different provisions, or by authority of one who did not give such authority is guilty of a Class C felony:

The emphasis was not upon the name of the specific writing. Rather, it was upon the purpose for which the writing was created.

"A forgery statute is 'aimed primarily at safeguarding confidence in the genuineness of documents relied upon in commercial and business activity.'" *Little v. State*, 85 Wis. 2d 558, 562, 271 N.W.2d 105, 108 (1978), *citing* LaFave and Scott, sec. 90, p. 671 (1972). Although sections of sec. 343.56, Stats. (1953), may have been vague, parts of it were very clear. Specifically, one type of writing which was subject to the forgery statute was "any accountable receipt for money, goods, or other property." If Davis' alleged acts had been committed under the old forgery statute, he certainly could have been charged with forgery.[3]

The new forgery statute, sec. 943.38, Stats., is also intended to prohibit the acts which Davis allegedly did. The notes regarding the present statute indicate "this section is considered to be a restatement of the old law on forgery . . . ." Wis. Leg. Council, *Judiciary Committee Report on the Criminal Code*, Vol. V at 131 (1953). Also, a receipt is certainly a document "relied upon in commercial activity as evidence of a debt or property right." Here, the receipts evidenced a property right in the magazines. Consequently, it is obvious that

(a) A writing or object whereby legal rights or obligations are created, terminated or transferred, or any writing commonly relied upon in business or commercial transactions as evidence of debt or property rights. . . .

[3] In a recent Florida case, the phrase "receipt of money" was interpreted broadly. *State v. La Point*, 345 So. 2d 362 (Fla. App. 1977). In that case, the Florida Court of Appeals was construing a statute almost identical to sec. 343.56, Stats. (1953). The court held that Super Bowl tickets constituted "receipts of money" under the forgery statute.

the writings in question would be subject to the forgery statute.

## INTENT AND RELIANCE

The state also contends that the alleged acts of Davis were done with intent to defraud both Hujnen and Bardull and that both women relied upon the writings.[4] We agree with the state.

The Wisconsin Supreme Court dealt with the element of intent to defraud in *State v. Christopherson,* 36 Wis. 2d 574, 153 N.W.2d 631 (1967). There, the court held:

> "The intent to defraud is to be inferred from the deliberate commission of a forgery. Thus knowingly passing a forged instrument as genuine is conclusive of an intent to defraud. Evidence that the advantage which the instrument, if genuine, would have given has been obtained, or that the injury which such an instrument could inflict has been accomplished, sufficiently shows an intent to defraud."

*Id.* at 580, 153 N.W.2d at 635, *quoting* 37 C.J.S. *Forgery,* p. 104, § 100. This holding indicates that the evidence in this case is sufficient to establish intent.

On a motion to dismiss before the trial court, the trial court ruled that the state had failed to establish probable cause that a felony had been committed because Hujnen and Bardull had not relied upon the receipts. The trial

---

[4] Under sec. 943.38(1)(a), Stats., the state must prove four elements to convict a person of forgery. They are: (1) the defendant falsely made the writing; (2) the writing as so made purports to have been made by authority of one who did not give such authority; (3) the writing is one relied upon in business or commercial transactions as evidence of a debt or property rights, and (4) the defendant falsely made the writing with intent to defraud.

court construed the language of sec. 943.38, Stats., to mean that before a forgery is committed, a specific person must rely upon the writing. We do not agree.

Reliance by Hujnen and Bardull can only be made clear by a full understanding of the entire surroundings of the transaction. *See State v. Wells,* 195 Wis. 551, 553, 218 N.W. 811, 812 (1928). Although the parties paid with checks and cash before the receipts were written, the parties still relied upon the validity of the receipts because the receipts established their claim upon Chapel Sales for the anticipated subsequent deliveries of the subscriptions. The giving of the receipts was part of a general scheme to get the women to believe in the validity of the total transaction. The writing of the receipts further assured the women that the transaction was valid.

However, this court does not believe that a specific party has to rely upon the document. The forgery statute makes it a crime to forge a writing or object. Sec. 943.38(1), Stats. The statute *only requires* that the writing forged is "commonly relied upon in business or commercial transactions as evidence of a debt or property right." The statute *does not* require that the person receiving the writing is relying upon such an instrument. The act of forging the writing done with intent to defraud is the crime. The court below erred as a matter of law in requiring specific reliance.

Our review of the record establishes that sufficient evidence exists to bind Davis over for trial on the forgery.

*By the Court.*—Order reversed.