**INTERMOUNTAIN SYSTEMS, INC., a Colorado corporation, Plaintiff,**

v.

**EDSALL CONSTRUCTION COMPANY, INC., a Montana Corporation; Wayne Edsall; and Safeco Insurance Company of America, a foreign corporation, Defendants.**

Civ. A. No. 83–K–1729.

United States District Court, D. Colorado.

Dec. 16, 1983.

Jonathan L. Madison, Wolf & Slatkin, Denver, Colo., for plaintiff.

Douglas A. Buxbaum, Poore, Roth & Robinson, P.C., Butte, Mont., Stan L. Spangler, Shaw, Spangler & Roth, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This case comes before me on all pending motions. In substance, this is a breach of contract action begun in Adams County district court and removed here pursuant to 28 U.S.C. § 1441. Procedurally, the case presents defendants' motion to dismiss or in the alternative to transfer venue to the federal district court in Butte, Montana, and plaintiff's motion to remand to Adams County district court by dint of a venue selection clause in the contract. Because I find this case was improvidently removed, I order it remanded to Adams County district court.

### FACTS

Plaintiff, a Colorado corporation headquartered in Commerce City, Colorado, entered a materialman's contract with Edsall Corporation on November 26, 1982, for the manufacture and supply of water treatment equipment. The equipment was to be incorporated into a water treatment plant being constructed for the city of Bozeman, Montana. Defendant Wayne Edsall signed Intermountain's nine page quotation in his official capacity as president of Edsall Construction in Belgrade, Montana, Edsall's home base. The contract called for mechanical and electrical equipment to be furnished or manufactured by Water Technology, a division of Intermountain, and delivered FOB Bozeman, Montana for a stated price of $721,000. The contract also included two weeks of startup and operator train-

ing, media installation and supervision by Water Technology in Bozeman. The forum selection clause at issue here states: "It is agreed for purposes of this agreement, venue shall be in Adams County, Colorado." Exhibit A, at 8.

Over the course of 1983, and after performance had begun, the parties had a falling out. Two lawsuits resulted, the first in federal district court in Butte, Montana, on or about August 15, 1983, the second in Adams County district court, on or about August 22, 1983. The state court suit was removed to this court pursuant to 28 U.S.C. § 1441 on September 16, 1983, allegedly on grounds of diversity of citizenship. The complaint named Safeco as a defendant on the basis of a performance, labor and materials bond it issued on behalf of Edsall Construction. The exact basis for Wayne Edsall's status as defendant is not clear on the face of the complaint. The complaint seeks damages for work already performed, expenses, overhead and lost profit in a total amount of $281,615 plus interest, costs and attorney's fees.

## MOTION TO REMAND

In the not too distant past, forum selection clauses have not been well received. As the Supreme Court put it:

> Forum-selection clauses have historically not been favored by American courts. Many courts, federal and state, have declined to enforce such clauses on the grounds that they were 'contrary to public policy,' or that their effect was to 'oust the jurisdiction' of the court.

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). As Judge Learned Hand noted:

> [B]e the original reason good or bad, courts have for long looked with strong disfavor upon contracts by which a party surrenders resort to any forum which was lawfully open to him .... In truth I do not believe that, today at least, there is an absolute taboo against such contracts at all; in the words of the Restatement, they are invalid only when unreasonable ·.... What remains of the doc-

trine is apparently no more than a general hostility, which can be overcome, but which nevertheless does persist.

*Krenger v. Pennsylvania R. Co.*, 174 F.2d 556, 560–61 (2d Cir.1949) (L. Hand, J., concurring), quoted in *Bense v. Interstate Battery System of America*, 683 F.2d 718, 721 (2d Cir.1982). It would not be far off the mark to say that traces of that general hostility to forum selection clauses still occasionally surface today. See, *e.g., First National City Bank v. Nanz, Inc.*, 437 F.Supp. 184 (S.D.N.Y.1975); *International Ass'n of Bridge, etc. v. Koski Construction Co.*, 474 F.Supp. 370 (W.D.Pa.1979).

The vast majority of courts today, however, follow the rule suggested by Judge Hand:

> Such clauses are prima facie valid and will be upheld absent a showing that they result from fraud or overreaching, that they are unreasonable or unfair, or that enforcement would contravene a strong public policy of tl e forum.

*Richardson Greenshields Securities, Inc. v. Metz*, 566 F.Supp. 131, 133 (S.D.N.Y. 1983).

The contract itself is nine pages long. It was revised twice after the initial draft, although at whose request and in what detail is not spelled out. Seven of the nine pages are devoted to a detailed description of the equipment and services to be supplied. The last two pages are devoted to price, warranty, taxes, shipment, drawings and terms. In this last section, near the bottom of page eight, lies the venue clause. It is in the same type size as the rest of the contract.

Wayne Edsall's affidavit in support of defendant's motion to dismiss is before me. At paragraph 8 it says:

> At the time said quotation was negotiated and at the time it was signed, no discussions took place in any respect concerning to [sic] any choice of forum or any venue selection in the event of a lawsuit over its terms. I was not even aware that such a clause was contained in the quotation. If I had known it, I

would definitely not have agreed to it. Indeed, the question was never mentioned or discussed. I certainly hoped and expected at that time that litigation would not develop.

■ Whether Mr. Edsall discussed or specifically bargained about the venue provision is of little import. He is presumed to have received appropriate consideration, in the form of a lower price, for the venue selection clause. Given the apparent lack of fraud and the prominence of the venue clause, I cannot say this contract was one of adhesion, the result of fraud or overreaching.

■ Nor am I persuaded that the venue clause in this case is ambiguous, as defendants suggest, either because it is silent as to personal jurisdiction or because it could be interpreted as *also* referring to the federal district court in Colorado. In considering *vel non* the ambiguity of such a clause, "[w]hat ... govern[s] is an objective consideration of the language...." *City of N.Y. v. Pullman Inc.*, 477 F.Supp. 438, 442 (S.D.N.Y.1979). That the contract refers to venue only and not also to personal jurisdiction is of no moment. "A waiver of objection to venue would be meaningless, however, if it did not also contemplate a concomitant waiver of objection to personal jurisdiction. *Richardson Greenshields, supra*, 566 F.Supp. at 133.

Defendants also assert that the disputed clause can be interpreted to refer both to the state court of Adams County and the federal district court for the district of Colorado. A similar argument was successfully made in *City of N.Y. v. Pullman, supra*. There however, Judge Weinfeld was forced to decide whether "New York," in the phrase "New York courts," was a term of sovereignty or one of geography, thus creating an ambiguity in the forum selection clause. 477 F.Supp. at 442. No such ambiguity exists here. Indeed, to include the federal district court for the district of Colorado within the ambit of Adams County, Colorado would be a severe catachresis.

■ The language of the venue clause is precise, and in my view, mandatory. "Shall" in other contexts has an ordinary meaning of imperative obligation, leaving no discretion or choice for the actor. It is typically contrasted and distinguished from "may." *Minden Beef Co. v. Cost of Living Council*, 362 F.Supp. 298, 305 (D.Neb. 1973); *State v. Christopherson*, 36 Wis.2d 574, 153 N.W.2d 631, 637 (1967). I know of no reason why a different result should obtain in a forum selection clause. *Contra, Intern. Ass'n of Bridge, etc. v. Koski Const. Co.*, 474 F.Supp. 370 (W.D.Pa.1979); *First National City Bank v. Nanz, Inc.*, 437 F.Supp. 184 (S.D.N.Y.1975); *Wiesenberger Services, Inc. v. Response Analysis Corp.*, 365 F.Supp. 258 (S.D.N.Y.1973).

■ Defendants also assert that it would be unfair to them to try this case in state court in Colorado, since, they say, numerous witnesses and documents would have to be transported to Colorado at great time and expense. These grounds might suffice to effect a transfer to another federal court, were I considering such a motion. I am not. The fairness of a forum selection clause is judged in different terms than the "convenience of parties and witnesses" standard found in 28 U.S.C. § 1404. Only where the "trial in the contractual forum will be [so] gravely difficult and inconvenient that [a litigant] will for all practical purposes be deprived of his day in court," *M/S Bremen, supra*, 407 U.S. at 18, 92 S.Ct. at 1917, does a forum selection clause become unenforceable. On the record before me, I cannot say that trial in Adams County, Colorado would be grossly unfair to defendants.

Defendants have not met their "heavy burden of proof" to show "it would be unfair, unjust, or unreasonable to hold [them to their] bargain." 407 U.S. at 17, 18, 92 S.Ct. at 1917. The motion to remand is therefore granted. I intimate no views whatsoever as to the state court's exercise of jurisdiction over these defendants.