STATE of Wisconsin, Plaintiff-Appellant,

v.

Rene L. FORTUN, Defendant-Respondent.†

Court of Appeals

*No. 2009AP1172–CR. Submitted on briefs December 14, 2009.
—Decided January 14, 2010.*

2010 WI App 32

(Also reported in 780 N.W.2d 238.)

† Petition to Review denied 4/19/10.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Daniel J. O'Brien*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Todd E. Schroeder* of *Devanie, Belzer & Schroeder*, La Crosse.

Before Dykman, P.J., Vergeront and Lundsten, JJ.

¶ 1. LUNDSTEN, J. Rene Fortun altered a drug prescription and presented it to a pharmacist. She altered the quantity of pills from 60 to 120. The

question on appeal is whether the drug prescription from her doctor is a writing that creates "legal rights" within the meaning of the forgery statute, WIS. STAT. § 943.38(1)(a) (2007–08).[1] The circuit court answered that question no and, therefore, dismissed a forgery charge against Fortun. We conclude the answer is yes. We therefore reverse the circuit court's order and remand with directions to reinstate the charge.

## Background

¶ 2. The complaint in this case alleges that a doctor gave Fortun a written prescription for 60 pills of the prescription drug Tramadol, that Fortun altered the prescription so that it appeared to authorize 120 pills, and that Fortun presented the altered prescription to a pharmacist and obtained 120 pills. Fortun was charged with forgery by falsely altering a writing, under WIS. STAT. § 943.38(1)(a).[2]

---

[1] The forgery statute provides, in pertinent part:

(1) Whoever with intent to defraud falsely makes or alters a writing or object of any of the following kinds so that it purports to have been made by another, or at another time, or with different provisions, or by authority of one who did not give such authority, is guilty of a Class H felony:

(a) A writing or object whereby legal rights or obligations are created, terminated or transferred, or any writing commonly relied upon in business or commercial transactions as evidence of debt or property rights . . . .

WIS. STAT. § 943.38(1)(a). All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

[2] Fortun was also charged with obtaining a prescription drug by fraud, a misdemeanor, in violation of WIS. STAT. § 450.11(7)(e). This count was based on Fortun's presenting to a different pharmacy a prescription for Tramadol, issued by a nurse practitioner, which had been altered from 15 pills to 50 pills. The misdemeanor charge is not at issue on this appeal.

734

¶ 3.   Fortun moved to dismiss the forgery charge, arguing that the forgery statute did not apply to altered prescriptions. After initially ruling that the forgery statute did apply, the circuit court reversed course and concluded that the statute was ambiguous as applied to Fortun's conduct. The court applied the "rule of lenity," construed the forgery statute against the State, and dismissed the charge. The State appeals.[3]

## *Discussion*

¶ 4.   The State argues that the circuit court erred when it dismissed the forgery charge based on the court's conclusion that the facts alleged in the complaint did not constitute forgery. Thus, we must construe a statute and apply it to undisputed facts. This is a question of law that we review without deference to the circuit court. *State v. Wilke*, 152 Wis. 2d 243, 247, 448 N.W.2d 13 (Ct. App. 1989). We interpret statutes using the following method:

> [S]tatutory interpretation "begins with the language of the statute. If the meaning of the statute is plain, we

---

[3] The State tells us that the circuit court ruled, "in essence, that the prosecutor improperly exercised charging discretion by proceeding under the more general forgery statute." We agree with the State that the circuit court thought it was unwise to charge Fortun with a felony. Moreover, the court wondered aloud whether conduct like Fortun's needed to be a felony at all. But there is no reason to think the court mistakenly thought that it could override the prosecutor's exercise of charging discretion. Rather, the court based its decision on legal conclusions regarding language in *State v. Henthorn*, 218 Wis. 2d 526, 532, 581 N.W.2d 544 (Ct. App. 1998), and the language of the forgery statute. The circuit court correctly observed that there was no "case law on all fours that says . . . the forgery statute applies to this situation." Our decision today fills that gap.

ordinarily stop the inquiry." Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning.

*State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted).

¶ 5.   The State asserts that, when Fortun altered the number of pills on the prescription from 60 to 120, and then presented the prescription to a pharmacist for filling, she committed forgery by falsely altering a writing under Wis. Stat. § 943.38(1)(a). As applied to Fortun's conduct, the version of forgery charged here has three elements:

(1) The prescription "was a writing by which legal rights or obligations are created or transferred";

(2) Fortun falsely "altered" the writing to make it appear to have been made "with different terms"; and

(3) Fortun altered the writing "with intent to defraud."

*See* Wis JI—Criminal 1491.

¶ 6.   The second and third elements are not disputed. Fortun effectively concedes that the second element is met by allegations that she altered the written prescription her doctor gave her so that it appeared to have a different term, namely 120 pills instead of 60 pills. Similarly, Fortun effectively concedes that the third element is satisfied by the allegation that she altered and then presented the prescription intending to acquire prescription pills to which she was not entitled.

¶ 7.   Turning to the first element, Fortun does not suggest that the prescription was not a "writing." Rather,

the dispute is over whether it is a writing "by which legal rights or obligations are created or transferred." The State posits several reasons why the prescription prepared by Fortun's doctor created legal rights and obligations, but we need identify only one to conclude that the first element is satisfied. To that end, we focus our attention on the State's argument that the "legal rights . . . created" language plainly covers Fortun's prescription because it conferred the right to dispense a prescription drug without committing a crime.

¶ 8.   It is a crime to dispense a prescription drug without a prescription. Wis. Stat. § 450.11(1) and (9)(b). A prescription, more specifically a "prescription order," is "an order transmitted orally, electronically or in writing by a practitioner for a drug or device for a particular patient." Wis. Stat. § 450.01(21). A "practitioner" is a person licensed or authorized to prescribe drugs. Wis. Stat. § 450.01(17). Prescription drugs include controlled substances under State law and drugs specified by federal law. Wis. Stat. § 450.01(20). It is undisputed that Fortun's doctor is a "practitioner" and that Tramadol is a prescription drug.

¶ 9.   It follows that the prescription Fortun obtained from her doctor created a legal right for any pharmacist, presented with the prescription, to dispense 60 Tramadol pills to Fortun without violating the law. Absent the prescription, Fortun's pharmacist had no legal right to give her any Tramadol pills.

¶ 10.   There is no ambiguity in the statute as it applies here. The words "legal rights" plainly cover the right to dispense prescription drugs without violating the law. We turn to Fortun's arguments to the contrary, and explain why they are not persuasive.

¶ 11.   Fortun appears to argue that the term "legal rights" is ambiguous when read in context with related

statutes. *See State v. White*, 97 Wis. 2d 193, 198, 295 N.W.2d 346 (1980) ("Even when a statute appears unambiguous on its face, it can be rendered ambiguous by its interaction with and its relation to other statutes."); *see also Kalal*, 271 Wis. 2d 633, ¶ 46. Fortun argues that "applying the forgery statute to all instances of altering a prescription order frustrates a legislative distinction." She points out that the legislature has created specific crimes covering obtaining a controlled substance by forgery, a Class H felony under Wis. Stat. § 961.43(1)(a) and (2), and obtaining a prescription drug by forgery, a misdemeanor under Wis. Stat. § 450.11(7) and (9)(a). According to Fortun, it is reasonable to infer that the legislature did not create these specific crimes "all the while intending that each violation be punishable" as a Class H felony under the general forgery statute, Wis. Stat. § 943.38(1). Fortun's underlying assumption seems to be that the legislature never intends to enact multiple criminal statutes covering the same conduct. This assumption is wrong; in fact, the legislature has specifically contemplated overlapping criminal statutes and directed that, when "an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions." Wis. Stat. § 939.65; *see also Mack v. State*, 93 Wis. 2d 287, 300–02, 286 N.W.2d 563 (1980) (prosecutor may charge felony forgery even though misdemeanor fraudulent use of a credit card applies to the same conduct).

¶ 12.   Fortun contends that we have already effectively interpreted the forgery statute as applying only to property rights. She points to published decisions, such as *State v. Davis*, 105 Wis. 2d 690, 314 N.W.2d 907 (Ct. App. 1981), and *State v. Perry*, 215 Wis. 2d 696, 573

N.W.2d 876 (Ct. App. 1997), in which the forgery statute was applied to writings that created property rights. From these cases, Fortun reasons that the forgery statute applies *only* to writings creating property rights. Her reasoning is flawed. We agree with the State that the fact that the forgery statute applies to writings creating property rights does not mean that it applies *only* to such writings.

¶ 13.   Fortun argues that, in *State v. Henthorn*, 218 Wis. 2d 526, 581 N.W.2d 544 (Ct. App. 1998), we implied that altering a prescription is not forgery. This is a misreading of *Henthorn*. In that case, Henthorn was convicted by a jury of attempting to acquire a controlled substance by fraud under Wis. Stat. §§ 939.32 and 961.43(1)(a). Henthorn's doctor gave her a prescription for thirty Tylenol pills with codeine, a controlled substance. The doctor authorized one refill using the number "1." Henthorn altered the number of refills to "11." She took the prescription to a pharmacist who filled the prescription once, but who also reported the alteration to the police. On appeal, Henthorn challenged the sufficiency of the evidence. We agreed with Henthorn, concluding that the evidence did not show that she attempted to obtain a controlled substance by fraud because she presented the altered prescription just once, seeking to obtain only the first authorized prescription. We explained that Henthorn would have attempted to obtain drugs by fraud only if she had returned for a second refill. *Id.* at 532–34.

¶ 14.   In reaching our conclusion in *Henthorn*, we broadly stated: "Altering a prescription, without more, is not a crime." *Id.* at 532. Fortun argues that this statement implies that we consciously determined that Henthorn had not committed *any* crime, including forgery under Wis. Stat. § 943.38(1)(a). Fortun

739

argues: "Had [this court] believed that Ms. Henthorn had already committed [the forgery crime Fortun was charged with], that would seemingly be relevant to [this court's analysis]. Instead [this court] found that at the point of arrest, [Henthorn] had committed no crime." The problem with Fortun's reading of *Henthorn* is that our attention in that case was focused on the elements of an entirely different crime. Read in context, we were simply saying that, without more, altering a prescription does not constitute the crime of attempting to obtain a controlled substance by fraud or forgery. Moreover, regardless what this court had in mind, our statement is dicta with respect to other crimes.

### *Conclusion*

¶ 15.   Based on the foregoing, we reverse the order of the circuit court dismissing the forgery charge against Fortun, and remand with directions to reinstate the charge.

*By the Court.*—Order reversed and cause remanded with directions.