503 F.2d 955
 Thomas S. KEATY, Plaintiff-Appellant,
v.
FREEPORT INDONESIA, INC., Defendant-Appellee.
No. 74-2472 Summary Calendar.*
*Rule 18, 5 Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 11, 1974.
 
 John G. Torian, II, Lafayette, La., for plaintiff-appellant.
 Donald W. Doyle, Howard J. Smith, Jr., Edward F. Stauss, Jr., New Orleans, La., for defendant-appellee.
 Before BELL, SIMPSON and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Thomas S. Keaty, seeks review of the district court's refusal to exercise jurisdiction of his breach of contract action against Freeport Indonesia, Inc. (Freeport). The lower court based its dismissal on the following contract provision:
 
 
 2
 'This agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York.'
 
 
 3
 The sole issue with which we must contend is whether this above quoted provision constitutes a mandatory forum-selection clause, requiring that any action under the contract be brought only in the courts of New York. We hold that it does not and reverse for further proceedings.
 
 
 4
 Uncontroverted facts, as shown by the complaint, control. Keaty, a resident of New Orleans, Louisiana, entered into a two year employment contract with Freeport, a Delaware corporation doing business in Louisiana, but with its principal office elsewhere, whereby he was to establish and supervise a job training program for local Indonesians at the site of Freeport's West Irian, Indonesia facilities. While Keaty was still in Indonesia, his services were terminated by Freeport prior to the expiration date of the contract. Keaty returned to the United States and initiated suit for damages for breach of contract against Freeport in the United States District Court for the Eastern District of Louisiana. Diversity jurisdiction was asserted. Freeport moved to dismiss the action pursuant to the quoted contract provision, asserting that the language, 'and the parties submit to the jurisdiction of the courts in New York,' constituted a mandatory forum-selection clause which the court should honor. The action was dismissed and the instant appeal followed.
 
 
 5
 The trial judge by his dismissal order defined what he considered the sole issue to be determined as, 'whether this court in a diversity action should decline to exercise its jurisdiction in light of the mutually agreed upon provision in the parties contract limiting the forum to New York.' It is apparent that the trial judge assumed that the contract provision in question constituted a mandatory forum-selection clause. This assumption we find to be erroneous.
 
 
 6
 We note initially that this is not a situation where the contract, on its face, clearly limits actions thereunder to the courts of a specified locale. See, M/S Bremen v. Zapata Off-Shore Co., 1972, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 ('Any dispute arising must be treated before the London Court of Justice.'); Central Contracting Co. v. Maryland Casualty Co., 3 Cir. 1966, 367 F.2d 341 ('The subcontractor agrees that it will not commence any action, . . . arising out of . . . this subcontract agreement, in any Courts other than those in the County of New York, State of New York . . .'). Neither is this a situation involving an adhesion contract whereby contract provisions are literally forced upon the weaker party. See, e.g., Bisso v. Inland Waterways Corp., 1955, 349 U.S. 85, 75 S.Ct. 629, 99 L.Ed. 911. Instead we are confronted here with a negotiated contract provision subject to opposing, yet reasonable, interpretations.
 
 
 7
 Through the affidavit of its Employment Coordinator in New Orleans, Freeport alleges that the questioned contract provision 'was intended to evidence the agreement of both parties thereto that the law of the State of New York would govern all disputes arising under the contract and that any such disputes would be litigated only in the State or Federal Courts located within the State of New York.' On the other side, Keaty acknowledges his intent to have the law of the State of New York govern all contract disputes, but states that he merely intended to submit to the jurisdiction of the New York courts if sued there; he did not intend to waive his right to sue or be sued elsewhere. We find both interpretations of the contract provision to be reasonable.
 
 
 8
 When previously confronted with two opposing, yet reasonable, interpretations of the same contract provision, this Court adopted the traditional rule whereby, 'an interpretation is preferred which operates more strongly against the party from whom (the words) proceed.' Tenneco, Inc. v. Greater LaFourche Port Comm'n, 5 Cir. 1970, 427 F.2d 1061, 1065, quoting from Restatement of Contracts Sec. 236(d) (1932). The contract agreement, including the challenged provision, was put into written form by Freeport and must therefore be construed more strongly against it. We find that the disputed contract provision falls short of being a mandatory forum-selection clause and accordingly hold that the district court erred in its refusal to accept jurisdiction. Rather it should proceed to the merits of the contract dispute between the parties.
 
 
 9
 We reverse and remand to the district court for further proceedings.
 
 
 10
 Reversed and remanded.