**Marion BENTLEY Plaintiff**

v.

**MUTUAL BENEFITS CORP., Giltner & Associates, Jim Giltner, Financial Group, O.B. Giltner, John Does One–Ten and Jane Does One–Five Defendant(s)**

No. CIV. 4:02CV122LN.

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 13, 2002.

William M. Quin, II, Michael S. Allred, Jackson, MS, for Plaintiff.

Carlton W. Reeves, Pigott, Reeves, Johnson & Minor, P.A., Jackson, MS, R.K. Houston, Jr, Bay Springs, MS, John D. Houston, Houston & Gray, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Mutual Benefits Corporation, Inc. (Mutual) to dismiss due to the presence of a forum selection clause or, in the alternative, to transfer venue pursuant 28 U.S.C. § 1406(a).[1] The court, considering the memoranda and submissions of the parties, finds that the motion is not well taken and should be denied.

On April 5, 2002, Marion C. Bentley filed suit in Mississippi state court against Mutual and other defendants alleging several causes of action with regard to his contractual investment in a viatical settlement plan.[2] Specifically, Bentley alleged fraud in the inducement, negligent misrepresentation, gross negligence, breach of fiduciary duties, violations of the Mississippi Securities Act, joint venture to defraud plaintiff and vicarious liability of Mutual. On May 9, 2002, defendant James B. Giltner, d/b/a Giltner & Associates and d/b/a Jim Giltner Financial Group, and O.B. Giltner removed the action to this court on diversity of citizenship grounds. After removal, defendants answered the complaint and shortly thereafter, Mutual filed the present motion to dismiss or, in the alternative, to transfer venue on the basis of a forum selection clause contained in the contract between Mutual and Bentley. Specifically, Article VI of the contract, in pertinent part, reads:

This Agreement shall be construed under the laws of Florida and the parties stipulate to venue in Broward County.

Mutual argues that the language of the forum selection clause is mandatory and requires the present action to be brought in the United States District Court for the Southern District of Florida.[3] In his response, Bentley argues that the forum selection clause was not mandatory, but permissive under Fifth Circuit precedent. Therefore, Bentley asserts the clause simply authorizes him to bring the action in any court where venue is proper, including, as agreed, Broward County, Florida.

1. Mutual did not specify or state under which Federal Rule of Civil Procedure it was bringing its motion to dismiss though it does refer in its briefs to 28 U.S.C. § 1406. Further, the Fifth Circuit has never decided whether motions to dismiss on the basis of forum selection clauses are properly brought as motions under Federal Rule of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(6) or 28 U.S.C. § 1406(a). *See Haynsworth v. Corporation,* 121 F.3d 956, 961 (5th Cir.1997)(declining to answer this "considerably more enigmatic question"). For purposes of this case, the court views the defendant's motion as having been brought under 28 U.S.C. § 1406(a), which states,

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

2. A viatical settlement is a plan where a terminally ill individual can sell his life insurance policy and receive a lump sum while still living based on the discounted future value of the policy.

3. Under 28 U.S.C. § 1391(a) and (c), venue in a diversity suit lies against a corporate defendant in any district where the corporation "resides," and a corporation is deemed to reside in any district in which it is subject to personal jurisdiction. Mutual has not raised a claim of lack of personal jurisdiction. Its only objection to the venue of this court is based on the forum selection clause. Therefore, unless the forum selection clause is mandatory and enforceable, venue appears to be appropriate here as to Mutual.

Mutual, not surprisingly at odds with Bentley's interpretation of the forum selection clause, replies that since the contract contains a choice of law provision deeming Florida law applicable in the event of a dispute, then the forum selection clause is to be interpreted not under federal law, but under Florida law which, according to Mutual, would treat the language of the forum selection clause as mandatory and not permissive. Therefore, to Mutual, the combination of the choice of law provision and forum selection clause requires that the case be transferred to the Broward County venue.

For his part, Bentley argues that Mutual's assertion that Florida law should be applied to the interpretation of the forum selection clause is incorrect and that instead, the law in the Fifth Circuit is clear that federal law applies to the interpretation of a forum selection clause.

 Under Fifth Circuit precedent, when determining whether a forum selec-tion clause in a contract will require the parties to litigate in the named forum, i.e., is mandatory and enforceable, a two-step inquiry is undertaken. *See Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir.1994). First, the court looks to see whether the forum selection clause is mandatory or permissive. *Id.* If mandatory, then the court must determine whether it is enforceable. *Id.* at 127.[4]

 In the Fifth Circuit, mandatory *forum selection clauses*, by their terms, expressly limit the forum(s) to the one(s) listed in the contract. In other words, a mandatory forum selection clause has express language limiting the action to the courts of a specific locale which is clear, unequivocal and mandatory.[5] *Id.* at 128. On the other hand, a permissive forum selection clause authorizes jurisdiction or venue in a selected forum, but does not prohibit litigation elsewhere. *Id.* at 127–28. Hence, in *Caldas*, the Fifth Circuit found that a clause which deemed "[t]he

4. Whether a forum selection clause is enforceable is a matter of federal law. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32, 108 S.Ct. 2239, 2245, 101 L.Ed.2d 22 (1988). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Seattle–First Nat'l v. Manges*, 900 F.2d 795, 799 (5th Cir.1990)(citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972)). In other words, such clauses, where mandatory, will generally be enforced specifically "unless [the aggrieved party] ... clearly show[s] that enforcement would be unreasonable or unjust or that the clause was invalid for such reasons as fraud or overreaching." *Peterson v. Test Int'l, E.C.*, 904 F.Supp. 574, 580 (S.D.Miss.1995) (citing *Bremen*, 407 U.S. at 15, 92 S.Ct. 1907).

5. Like the Fifth Circuit, many courts finding forum selection clauses mandatory have done so because of express language of limitation, such as "only" or "must" bestowing exclusive jurisdiction or venue on a court of a specific locale. *See M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)("Any dispute arising *must* be treated before the London court of justice.")(emphasis added); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir.1984)(holding that the language, "this Agreement shall be litigated *only* in the Superior Court for Los Angeles (*and in no other*) was mandatory"); *Maley v. Design Benefits Plan, Inc.*, 125 F. Supp 2d 836, 838 (E.D.Tex.2000)(finding a forum selection clause which provided that "[v]enue for *any* action, suit or other proceeding, including non-contract disputes, *shall be exclusively* in Winnebago County, Illinois" was mandatory); *Peterson v. Test Int'l, E.C.*, 904 F.Supp. 574 (S.D.Miss.1995)(finding that a forum selection clause stating "[t]he *only* courts of jurisdiction in any matter, or dispute, and/ or controversy arising out of this agreement and/or employment shall be the court of Bahrain," was mandatory because it clearly and unequivocally limited the forum to the courts of Bahrain on its face)(emphasis added).

laws and courts of Zurich are applicable" was permissive due to lack of clear language of limitation. *See Caldas*, 17 F.3d at 127–28 Similarly, in *Keaty*, the Fifth Circuit found that a forum selection clause providing "[t]his agreement shall be ... enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York," was permissive. The court reasoned that the clause was ambiguous because it was "subject to opposing, yet reasonable, interpretations," and determined that this ambiguity was to be construed against the drafter. *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 957 (5th Cir.1974).[6]

■ In the court's opinion, the forum selection clause at issue in this case is permissive. The operative language in this clause is the word "stipulate." Mutual argues that "stipulate" should be read to confer exclusive jurisdiction on the courts of Broward County, Florida. The court, however, is unpersuaded.

A principal rule of contract interpretation is that "[t]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached." 4 S. Williston, *A Treatise on the Law of Contracts* § 618 (W. Jaeger 3d ed.1961). The common meaning of the word "stipulate" with regards to a contract is to "make an express agreement" or "give a promise." Webster's Third New International Dictionary 2245 (1981). Black's Law Dictionary defines a stipulation as "a material condition or requirement in an agreement." Black's Law Dictionary 1427 (7th ed.1999).

In the case at hand, by "stipulating" to venue in Broward County, Florida, the parties clearly agreed in advance to consent to venue in Broward County. Thus, neither party could attack as improper venue of an action commenced in Broward County. But by merely having agreed to a Broward County venue, without excluding all other venues, this clause is insufficient to render the Broward County venue mandatory. Nothing in the clause indicates that Broward County courts have exclusive jurisdiction. No words of limitation are used, as *Caldas* and *Keaty* indicate is required in order to effect a mandatory venue selection.[7] Accordingly, as the

---

6. In addition to the Fifth Circuit, several circuits have found similar forum selection clauses to be permissive. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir.1987)(holding that the clause, "the buyer and seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract ... [t]he courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter of the interpretation of this contract," was permissive); *Citro Florida, Inc. v. Citrovale, SA*, 760 F.2d 1231 (11th Cir.1985)("Place of jurisdiction is Sao Paulo/Brazil" held permissive); *Utah Pizza Service v. Heigel*, 784 F.Supp. 835, 837 (D.Utah 1992) (holding that forum selection clause language where "[t]he parties agree that in the event of litigation between them, Franchise Owner *stipulates* that the courts of the State of Michigan shall have personal juris-

diction over its person, that is shall submit to such personal jurisdiction, and that venue is proper in Michigan," was permissive)(emphasis added).

7. As indicated, Mutual urges that Florida law should be used in determining whether the forum selection clause in the present case is permissive or mandatory. While federal law applies in diversity cases when making a determination of the enforceability of these types of agreements, *Stewart Organization v. Ricoh Corp.*, 487 U.S. 22, 32, 108 S.Ct. 2239, 2245, 101 L.Ed.2d 22 (1988), it appears that courts making the initial permissive/mandatory determination also use federal law, possibly because of the procedural nature of venue and the federal interest in venue matters. *See Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir.1998). *But see Reliance Nat'l Indem Co. v. Pinnacle Cas. Assur. Corp.*, 160 F.Supp.2d 1327, 1330

court concludes that the forum selection clause at issue is permissive, and that venue over this action is thus not improper in this forum, Mutual's motion to dismiss will be denied.[8]

Inasmuch as the venue plaintiff has chosen is not improper under the forum selection clause contained in the Bentley–Mutual contract, it is ordered that Mutual's motion to dismiss or, in the alternative, to transfer venue is denied.[9]

(M.D.Ala.2001) (applying state law to interpretation of forum selection clause). However, the court does not find it necessary today to decide any *Erie* question present because there appear to be no material discrepancies between federal and Florida law with regard to the permissive/mandatory determination. *See Granados Quinones v. Swiss Bank Corp. S.A.,* 509 So.2d 273, 274 (Fla.1987)(mandatory forum selection clauses in contracts require that a particular forum be the exclusive jurisdiction for litigation concerning the contract); *Sauder v. Rayman,* 800 So.2d 355, 358 (Fla. 4th Dist.Ct.App.2001)("Forum selection clauses are permissive rather than mandatory where they lack words of exclusivity.").

8. As an alternative to dismissal, Mutual has moved to transfer venue pursuant to 28 U.S.C. § 1406. However, since venue appears proper here, a § 1406 transfer is not in order.

9. In contrast to § 1406, § 1404(a) provides for the transfer of a case where both the original and the requested venue are proper, but a transfer is warranted "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404; *International Software Sys., Inc. v. Amplicon, Inc.,* 77 F.3d 112, 114 n. 4 (5th Cir.1996). Mutual has not purported to seek transfer under § 1404(a).