CARLTON, J.,
for the Court.
¶ 1. John S. Fair, Jr. appeals the order of the Circuit Court of Rankin County dismissing his civil suit for lack of jurisdiction based on a forum selection clause contained in a series of contracts signed by him. Finding error, we reverse and remand.
FACTS
¶ 2. On or about October 14, 2004, John S. Fair, Jr. and Lighthouse Carwash Systems, LLC [1] and/or Lighthouse Carwash of Mississippi[2] (collectively “Lighthouse”) ex *62 ecuted a series of contracts each entitled “Site Location Agreement,” the purpose of which was to locate suitable sites within several geographic regions of Mississippi for Lighthouse to establish its carwash operations. The agreements were entered into in Rankin County, Mississippi, where Larry Taylor, an Indiana resident acting on behalf of Lighthouse, met with Fair to discuss the business arrangements between Fair and Lighthouse and to finalize the arrangements contractually. The agreements signed by the parties each contained a forum selection provision which provided as follows:
Governing Law and Venue. This Agreement shall be governed by and construed in accordance with the laws of the State of Indiana applicable in the case of contracts made and to be performed in that State. The parties hereto: (a) irrevocably consent to the jurisdiction and venue of the courts of the State of Indiana, Johnson County, and the United States District Court for the Southern District of the State of Indiana with respect to any and all actions related to this Agreement or the enforcement hereof; and (b) irrevocably waive any and all objections to such consents.
¶ 3. On December 8, 2005, Fair filed an action against Lighthouse and Taylor in the Circuit Court of Rankin County alleging that he was fraudulently induced to enter the agreements and to pay certain monies to Lighthouse, which have not been returned to him. Lighthouse and Taylor filed a special appearance objecting to jurisdiction based on the forum selection provision. Fair filed a response to the special appearance arguing that the provision was permissive in nature rather than mandatory and, therefore, did not limit the bringing of his cause of action to the courts of Indiana nor divest the Circuit Court of Rankin County of jurisdiction. Lighthouse and Taylor then filed a rebuttal to Fair’s response contending that the provision at issue was mandatory and enforceable, and that Fair, by virtue of his signature on the agreements, waived any objections to venue and/or jurisdiction in the courts of Indiana.
¶4. The circuit court, by order dated July 13, 2006, dismissed Fair’s action for lack of jurisdiction finding that the provision at issue was mandatory and “provides exclusive jurisdiction in the courts of Indiana.” The court reasoned that the parties have irrevocably consented to jurisdiction and venue in the courts of Indiana and have waived any objection thereto.
¶ 5. Aggrieved by the circuit court’s dismissal, Fair appeals to this Court asserting that the trial court erred in dismissing his action based upon a finding that the forum selection provision was mandatory and provided for exclusive jurisdiction and venue in the courts of Indiana.
STANDARD OF REVIEW
¶ 6. We review issues regarding the interpretation and enforceability of a forum selection clause under a de novo standard of review, as these issues are deemed questions of law. Long Beach Auto Auction, Inc. v. United Sec. Alliance, Inc., 936 So.2d 351, 355(¶ 11) (Miss.2006) (citing Titan Indem. Co. v. Hood, 895 So.2d 138, 145(¶ 30) (Miss.2004)).
DISCUSSION
¶ 7. Our supreme court, in Titan, adopted the Fifth Circuit Court’s reasoning in determining the enforceability of a forum selection clause. Titan, 895 So.2d at 145-46(¶ 31). First, the clause itself is reviewed to determine whether it is mandatory or permissive in nature. Id. (citing Bentley v. Mutual Benefits Corp., 237 F.Supp.2d 699, 701-02 (S.D.Miss.2002); Caldas & Sons, Inc. v. Willingham, 17 *63 F.3d 123, 127 (5th Cir.1994)). “If it is permissive, i.e., if it does not prohibit litigation elsewhere, then the clause is not enforced.” Id. “If the clause is mandatory, the Court then decides if it is enforceable.” Id.[3]
¶ 8. Fair argues that the forum selection clause at issue is permissive and does not divest the Circuit Court of Rankin County of jurisdiction or limit the bringing of his action solely in the courts of Indiana. He contends that provision resulted only in his irrevocable consent to the propriety of jurisdiction and venue in the courts of Indiana. To this end, Fair concedes that he would be precluded from contesting jurisdiction or venue had he been sued in an Indiana court. However, he claims that the provision does not place exclusive jurisdiction in the Indiana courts, and that his action should, therefore, be permitted to go forward in the Circuit Court of Rankin County, a forum in which venue and jurisdiction are otherwise proper.
¶ 9. Conversely, Lighthouse argues that the clause is mandatory and enforceable so as to limit jurisdiction and venue solely within the Indiana courts. Lighthouse contends that the language of the heading, which reads “Governing Law and Venue,” and the inclusion of the phrase “this agreement shall be governed by” is clear and unambiguous such that the forum selection clause can only be construed as mandatory.
¶ 10. Lighthouse cites Titan as controlling on the issue. While Titan sets forth the proper analysis to be employed by this Court when reviewing the enforceability of a forum selection clause, we find that the Titan decision offers little instruction on the issue presented by the instant case. In Titan, the forum selection clause at issue provided that “the parties consent to the exclusive personal jurisdiction and venue [in Bexar County, Texas].” Titan, 895 So.2d at 146(32). The court held that the clause was mandatory finding that the language clearly and unambiguously limited jurisdiction and venue solely to the stated forum. Id. The court then turned to the issue of enforceability. Id. We find that the forum selection clause in the instant case is not as clear and unambiguous as the clause in the Titan case; therefore, we will further explore relevant caselaw to aid in the resolution of the issue presented in this case.
¶ 11. Our supreme court has most recently been confronted with a forum selection clause in Long Beach Auto Auction, Inc. v. United Sec. Alliance, Inc., 936 So.2d 351, 355-56 (¶¶ 12-18) (Miss.2006). In Long Beach, the court was presented with a forum selection provision which provided that “any dispute whatsoever arising from this agreement or any other agreement between the parties shall be the subject matter jurisdiction of the Courts of the State of Florida and it is specifically agreed that venue shall be proper solely in Hillsborough County, Florida.” Id. at 355(¶ 12) (emphasis added). As in Titan, the court in Long Beach easily determined *64 that the clause was mandatory rather than permissive and then proceeded to the issue of enforceability. Id. at 355-56 (¶¶ 12-18). Again, we find that the language of the clause in the case sub judice does not as clearly and unambiguously prohibit litigation outside the designated forum and that further discussion is warranted to determine whether the clause is permissive or mandatory in nature.
¶ 12. An examination of Fifth Circuit case law reveals that, in order to be considered mandatory, a forum selection clause should contain express language of exclusion which prohibits litigation outside of the venue specified in the clause. As to whether a forum selection clause is permissive or mandatory, the Fifth Circuit explained in Bentley v. Mutual Benefits Corp that:
Mandatory forum selection clauses, by their terms, expressly limit the forum(s) to the one(s) listed in the contract. In other words, a mandatory forum selection clause has express language limiting the action to the courts of a specific locale which is clear, unequivocal and mandatory. On the other hand, a permissive forum selection clause authorizes jurisdiction or venue in a selected forum, but does not prohibit litigation elsewhere.
237 F.Supp.2d 699 at 701.
¶ 13. The provision at issue in Bentley provided that “[t]his Agreement shall be construed under the laws of Florida and the parties stipulate to venue in Broward County.” Id. at 700. The court held the clause to be permissive in nature finding that the clause lacked the requisite “words of limitation” which would act to exclude other venues, and thus create a mandatory forum selection provision. Id. at 702. The Bentley court held that the effect of the provision was that the parties gave their advance consent to venue in Broward County, with the result that either party would be precluded from challenging venue in Broward County as improper. Id.
¶ 14. In City of New Orleans v. Mun. Admin. Servs., the Fifth Circuit Court of Appeals was confronted with a clause which read “[t]he undersigned Contractor does further hereby consent and yield to the jurisdiction of the State Civil Courts of the Parish of Orleans and does hereby formally waive any pleas of jurisdiction on account of the residence elsewhere of the undersigned Contractor.” In holding the clause to be permissive, the court instructively reasoned as follows:
A party’s consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties’ intent to make that jurisdiction exclusive ... it must do more than establish that one forum will have jurisdiction.
City of New Orleans, 376 F.3d 501 at 504 (5th Cir.2004) (citing Keaty v. Freeport Indonesia, Inc., 503 F.2d 955 (5th Cir.1974)).
¶ 15. Other Fifth Circuit cases requiring express language of exclusion are Caldas & Sons v. Willingham, 17 F.3d 123, 127-28 (5th Cir.1994) and Keaty, 503 F.2d at 957. In Caldas, a case relied on in Bentley, a provision which stated that “the laws and courts of Zurich are applicable” was found to be permissive, as it lacked clear language of exclusivity indicating that the courts of Zurich would be the only forum in which disputes arising from the contract could be litigated. Similarly, in Keaty, a clause providing that “[t]his agreement shall be construed and enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York” was held to be permissive. Keaty, 503 F.2d at 957. The court reasoned that the *65 language of the provision was subject to “two opposing, yet reasonable, interpretations” and that traditional contract principal should be followed whereby the clause is interpreted against the drafter. Id.
¶ 16. In accordance with the above-cited authority, we find that the forum selection provision in the instant ease is more closely analogous to the provisions at issue in Bentley, Caldas, and Keaty as it fails to include clear, unequivocal language expressly prohibiting litigation in forums other than the one(s) designated in the clause. As in Keaty, we find that the language of the clause is open to two opposing, yet reasonable interpretations and should therefore be interpreted against Lighthouse.
¶ 17. Accordingly, we find that the disputed forum selection clause is permissive in nature and hold that the circuit court erred in dismissing the case and refusing to accept jurisdiction.[4] We reverse and remand for further proceedings in the Rankin County Circuit Court.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. Lighthouse Carwash Systems, LLC is an Indiana Limited Liability Corporation with its principal place of business in Indianapolis, Indiana. According to Fair’s complaint, this corporation is not registered with the Mississippi Secretary of State.

. Lighthouse Carwash Systems, LLC is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Lighthouse Carwash of Mississippi is registered to do business in the State of Mississippi and maintains a registered agent for service of process in Jackson, Mississippi.

. As to enforceability, the court in Titan stated that forum selection clauses are "presumptively valid and enforceable” unless the party challenging the clause can show:
1. Its incorporation into the contract was the result of fraud, undue influence or overweening bargaining power;
2. The selected forum is so gravely difficult and inconvenient that the resisting party will for all practical purposes be deprived of its day in court; or
3.The enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision.
Titan, 895 So.2d at 146 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13, 92 S.Ct. 1907, 32 L.Ed.2d 513, (1972)). However, we need not reach the issue of enforceability in the instant case, as we find the clause at issue to be permissive.

. Even were the forum selection clause construed as mandatory, the applicability of the clause to the contracts at issue is questionable. The contract language is ambiguous, in that, the clause may plainly be read to dictate its applicability to "contracts made and to be performed in Indiana.” Such is not the case here; the series of contracts between the parties were executed in Mississippi, and to be performed in Mississippi. We also note that the first sentence of the clause may be construed as an attempted choice of law provision. However, we need not reach a choice of law issue as Lighthouse does not assert that Indiana law should be applied in the instant case.