CARLSON, Presiding Justice,
for the Court:
¶ 1. This interlocutory appeal stems from litigation concerning a contract dispute among Williams Transport, LLC (Williams Transport), Driver Pipeline Company, Inc. (Driver Pipeline), Buckley Equipment Services, Inc. (Buckley Equipment), and other unnamed defendants, in the Circuit Court of the First Judicial District of Jasper County. Based on an arbitration clause in the contract, Driver Pipeline filed a motion to compel arbitra *847 tion. The trial court denied the motion to compel arbitration as well as a subsequent motion for reconsideration. Driver Pipeline filed a petition for interlocutory appeal, which this Court accepted as a notice of appeal. Finding no error by the trial court in denying Driver Pipeline’s motion to compel arbitration, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Williams Transport and Driver Pipeline entered into a contract under which Williams Transport was to clear forty-four miles of right-of-way. The parties signed several documents when entering into the contract. The primary document was a ‘Work Order,” to which a document titled “Terms and Conditions” was attached. The Terms and Conditions included the following arbitration clause: “All claims and disputes arising out of or relating to the Project, the Work, or this Work Order must be settled by arbitration under the Construction Industry Arbitration Rules of the American Arbitration Association.” The Work Order did not address arbitration. The Work Order included two contradictory statements regarding the Terms and Conditions. A sentence in the body of the document said that the terms of the Work Order superseded the Terms and Conditions. A sentence at the end of the document directly above the signatures read, “This Work Order is subject to the ‘Terms and Conditions’ on the reverse side.”
¶ 3. After approximately thirteen miles of right-of-way had been cleared, Driver Pipeline terminated the contract and hired other entities, including Buckley Equipment, to finish the work. Williams Transport filed suit against Driver Pipeline, Buckley Equipment, and other unnamed defendants. Driver Pipeline filed a motion to compel arbitration based on the arbitration clause in the Terms and Conditions. Because of the conflicting statements regarding whether the Work Order supersedes or is subject to the Terms and Conditions, the parties dispute whether the arbitration provision is valid. The trial court denied Driver Pipeline’s motion to compel because of the provision in the Work Order that provided: “[t]he agreements and [stipulations of this Work Order supersede the attached Terms and Conditions.” The trial court interpreted this statement to mean that the Terms and Conditions were “replaced by or rendered inapplicable by the terms of the Work Order, which do not require submission of claims and disputes to arbitration.”
¶4. Driver Pipeline filed a motion for reconsideration, which was accompanied by an affidavit from the company’s president. The affidavit claimed it was Driver Pipeline’s intent to make the Work Order subject to the accompanying Terms and Conditions, one of which required arbitration for the resolution of all disputes arising out of the contract. The motion for reconsideration was denied, and Driver Pipeline filed a petition for interlocutory appeal. This Court accepted the petition as a notice of appeal. See Tupelo Auto Sales v. Scott, 844 So.2d 1167, 1169-70 (Miss.2003) (appeal from the denial of a motion to compel arbitration is considered a direct appeal).
DISCUSSION
¶ 5. “This Court reviews the grant or denial of a motion to compel arbitration de novo.” Sawyers v. Herrin-Gear Chevrolet Co., Inc., 26 So.3d 1026, 1034 (Miss.2010) (citing East Ford, Inc. v. Taylor, 826 So.2d 709, 713 (Miss.2002)). Contract interpretation is a question of law that is reviewed de novo. Warwick v. Gautier Util. Dist., 738 So.2d 212, 215 (Miss.1999) (citing Miss. State Highway *848 Comm’n v. Patterson Enters., Ltd., 627 So.2d 261, 263 (Miss.1993)).
I. Whether Driver Pipeline’s petition for interlocutory appeal was timely.[1]
¶ 6. Williams Transport asserts that Driver Pipeline’s interlocutory appeal was untimely because it was not filed within twenty-one days of the entry of the order denying the motion to compel arbitration, as required by Rule 5 of the Mississippi Rules of Appellate Procedure. Rule 5 is inapplicable to the instant appeal. There is “but one procedure for this Court’s review of a trial court’s grant or denial of a motion to compel arbitration, and that one procedure [is] a direct appeal pursuant to the provisions of Mississippi Rules of Appellate Procedure 3[and] 4.” Sawyers, 26 So.3d at 1032. Rules 3 and 4 govern direct appeals permitted by law.
¶ 7. Rule 4(a) provides that a party has thirty days after entry of a judgment or order to file a notice of appeal, except as provided in Rules 4(d) and (e), which govern post-trial motions in civil and criminal cases. Miss. RApp. P. 4. In this appeal, a motion for reconsideration was filed pursuant to Rule 60 of the Mississippi Rules of Civil Procedure. Thus, we must determine whether the direct appeal of a denial of a motion to compel arbitration must be filed within thirty days of the entry of the order denying the motion, or whether Driver Pipeline’s motion for reconsideration is considered a post-trial motion under Rule 4(d), which would extend the period of time for filing a notice of appeal. We find that Rule 4(d) controls here and that the time for filing an appeal was extended in this case.
¶ 8. Under Rule 4(d), “[i]f any party files a timely motion of a type specified ... the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding.” Specified within Rule 4(d) is a motion filed under Mississippi Rule of Civil Procedure 60, which is timely if filed no later than ten days after the judgment. Driver Pipeline timely filed its Rule 60 motion for reconsideration within ten days of the order denying the motion to compel arbitration. Thus, the time for appeal ran from the date of entry of the order denying the motion for reconsideration, which was May 13, 2011. Pursuant to Rule 4(a), Driver Pipeline had thirty days from May 13, 2011, to appeal. This Court received the petition for interlocutory appeal on June 3, 2011. Driver Pipeline’s appeal of the denial of its motion to compel arbitration was timely, and the matter is properly before this Court.[2]
II. Whether the trial court erred in denying Driver Pipeline’s motion to compel arbitration.
¶ 9. Driver Pipeline maintains that the parties entered into a valid agreement to arbitrate all claims and disputes arising out of the contract. Moreover, Driver Pipeline argues that both federal law and this Court’s precedent clearly demonstrate *849 a strong presumption in favor of arbitration. Williams Transport argues that the plain language of the Work Order indicates that its terms superseded the Terms and Conditions on the reverse side of the Work Order. Williams Transport claims that, since the Work Order is silent on the issue of arbitration, and the terms of the Work Order supersede the Terms and Conditions, the arbitration clause in the Terms and Conditions is of no effect.
¶ 10. The arbitration clause at issue appears in Subsection 7 of the Terms and Conditions, which is entitled “Claims.” The arbitration clause provides, in pertinent part: “All claims and disputes arising out of or relating to the Project, the Work, or this Work Order must be settled by arbitration under the Construction Industry Arbitration Rules of the American Arbitration Association.” Subsection 1 of the Terms and Conditions, entitled “Acceptance,” provides: “Commencement of the Work by Subcontractor will mean that Subcontractor has agreed to these terms and conditions. Documents with terms additional to or different from this Work Order will not be binding upon Driver [Pipeline].”
¶ 11. The last page of the Work Order, directly above the parties’ signatures, provides: “This Work Order is subject to the ‘Terms and Conditions’ on the reverse side.” However, the body of the Work Order includes the following statement: “The agreements and [stipulations of this Work Order supersede the attached Terms and Conditions.” Williams Transport argues that this contrary provision makes the Terms and Conditions section null and void. The trial court agreed with Williams Transport that the Terms and Conditions were superseded by the Work Order and that, because the Work Order was silent on the issue of arbitration, no valid arbitration agreement existed.
¶ 12. To determine whether a motion to compel arbitration should be granted, courts apply the following two-pronged test:
Under the first prong, the court should determine whether the parties have agreed to arbitrate the dispute. [East Ford, 826 So.2d at 718]. In order to determine if the parties have agreed to arbitrate the dispute, two considerations are taken into account: “(1) whether there is a valid arbitration agreement and (2) whether the parties’ dispute is within the scope of the arbitration agreement.” Id. If the court determines that the parties did in fact agree to arbitrate their dispute, the second prong is applied. The United States Supreme Court has instructed that the second prong is “whether legal constraints external to the parties’ agreement foreclosed arbitration of those claims.” Id. (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)).
Rogers-Dabbs Chevrolet-Hummer, Inc. v. Blakeney, 950 So.2d 170, 173 (Miss.2007). In this case, the analysis of the validity of the arbitration agreement .ends with the first prong — whether the parties agreed to arbitrate the dispute. Due to the conflicting provisions in the Work Order and the Terms and Conditions, it is clear that the parties did not agree to submit their claims to arbitration. The provisions in the Work Order are not merely ambiguous, they are blatantly contradictory. Interpretation of ambiguous provisions requires application of the canons of construction — such as resolving ambiguities against the drafter. However, we need not resolve ambiguity in this case. The contradictory statements in the Work Order show that the parties *850 did not reach an agreement regarding arbitration.
¶ 13. This Court has held, while we recognize the “liberal federal policy favoring arbitration,” we will not construe arbitration agreements so broadly “as to encompass claims and parties that were not. intended by the original contract.” Smith ex rel. Smith v. Captain D’s, LLC, 963 So.2d 1116, 1119 (Miss.2007) (internal citations omitted). “[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.” Rogers-Dabbs, 950 So.2d at 176 (quoting EquiFirst Corp. v. Jackson, 920 So.2d 458, 461 (Miss.2006) (internal citations omitted)). Based on what is before us, we find that the parties did not agree to submit to arbitration, and we will not require parties to arbitrate when they did not agree to do so.
¶ 14. Driver Pipeline argues that the plain language of the arbitration clause, coupled with the signature of Williams Transport’s president, indicates that the two parties agreed to arbitrate. We disagree. We find that the plain language of the contract reveals no agreement to arbitrate. Because it is clear that the parties did not agree to arbitrate, the analysis stops with the first consideration of the test, and we need not go any further. See Rogers-Dabbs, 950 So.2d at 173. We affirm the trial court’s denial of Driver Pipeline’s motion to compel arbitration.
CONCLUSION
¶ 15. Based on what is before this Court, we cannot find that the parties agreed to submit to arbitration. Thus, the trial judge did not err in denying Driver Pipeline’s motion to compel arbitration. Having found in favor of Williams Transport on this issue, we need not address Williams Transport’s argument that Driver Pipeline’s motion for reconsideration did not meet the enumerated requisites for relief under Rule 60 of the Mississippi Rules of Civil Procedure, as that issue is not dispositive.
¶ 16. AFFIRMED.
WALLER, C.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ„ CONCUR. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. For the sake of brevity, the issues have been reordered and condensed.

. Williams Transport also asserts that Driver Pipeline's appeal of the trial court's denial of its motion for reconsideration was untimely. The trial court denied the motion for reconsideration on May 12, 2011, and the order was entered on May 13, 2011. Driver Pipeline's petition for interlocutory appeal was filed on June 3, 2011. Williams Transport argues that June 3rd was twenty-two days after the motion was denied on May 12th, which exceeded the twenty-one-day limit of Rule 5 of the Mississippi Rules of Appellate Procedure. For the reasons discussed above, Rule 5 is inapplicable, and Driver Pipeline’s appeal was timely. But, even under Rule 5, the petition was timely, because the twenty-one-day clock started running on the date the order was entered, which was May 13.