# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-IA-00132-SCT

*LUXE HOMES, LLC, AND JADE REESE*

*v.*

*ROBERT BREWER AND GLORIA BREWER*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/21/2022 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| TRIAL COURT ATTORNEYS: | LA'TOYIA J. SLAY |
| | ROBERT M. FREY |
| | F. RUSSELL BRABEC |
| | ARTHUR F. JERNIGAN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | F. RUSSELL BRABEC |
| | ARTHUR F. JERNIGAN, JR. |
| ATTORNEYS FOR APPELLEES: | ROBERT M. FREY |
| | LA'TOYIA J. SLAY |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 04/13/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.   This case originated from a contract between Luxe Homes, LLC (Luxe Homes), and

Robert and Gloria Brewer (the Brewers) for the construction and conveyance of a house in

Hinds County.  The Brewers allege Luxe Homes failed to comply with the terms of the

contract, and they filed the present action in the Hinds County Chancery Court for specific

performance, damages, fees and a declaratory judgment.  Luxe Homes claimed in a motion

to transfer venue that, according to the terms of the contract, the parties agreed to Rankin

County Circuit Court as their exclusive forum. The chancellor denied the motion to transfer venue, and Luxe Homes petitioned for interlocutory appeal. This Court granted the petition. We find that the chancellor abused her discretion by denying Luxe Homes' motion to transfer venue when the venue clauses, agreed to by the parties, unambiguously require that the parties resolve their disputes exclusively in Rankin County Circuit Court. Accordingly, this Court reverses the order of the chancellor and remands this case with instructions to transfer venue to Rankin County Circuit Court.

## FACTS AND PROCEDURAL HISTORY

¶2. In January 2021, Luxe Homes contracted with the Brewers to build them a home in Hinds County. The Brewers were represented in the sale by Century 21 Maselle & Associates (Century 21). Century 21 prepared a form contract that was filled out with details of the agreement. One such provision required the property and residence to be conveyed to the Brewers by May 21, 2021. Due to COVID-19, inclement weather and various other reasons, the property was not completed and conveyed by the agreed deadline.

¶3. On June 28, 2021, the Brewers filed suit against Luxe Homes in Hinds County Chancery Court for breach of contract, negligent and intentional misrepresentation and a declaratory judgment.[1] The Brewers requested specific performance, reasonable attorneys' fees, general damages, special damages and punitive damages. As of the date of the filing of the complaint, the Brewers alleged that construction had not even substantially begun.

¶4. On November 8, 2021, Luxe Homes filed a motion to transfer venue, which included

---

[1]The Brewers requested a declaratory judgment on the issue of whether or not they were entitled to file notice of lis pendens.

its answer and defenses. Luxe Homes alleged that, according to the contract with the Brewers, venue is only proper in Rankin County Circuit Court.

¶5. On January 10, 2022, the chancellor held a hearing on Luxe Homes' motion, and on January 21, 2022, she entered an order denying the request to transfer the case to Rankin County. The order stated that the venue selection clause asserted in "clear and unambiguous terms" how the defendants intended to handle "potential matters and/or lawsuits[.]" The chancellor, however, determined that the provision was permissive in nature and thus was not enforceable because "[n]one of the provisions in the contract where jurisdiction is mentioned, implements the limiting language that clearly specifies that the plaintiffs must file any issues with the defendants in Rankin County." This Court granted Luxe Homes' petition for interlocutory appeal of the chancellor's denial of the motion to transfer venue.

**ISSUES PRESENTED**

¶6. The arguments raised by the parties can best be summarized as followed:

> I. Whether the chancellor erred by denying Luxe Homes' motion to transfer venue.
>
> II. Whether the case can properly be transferred to Rankin County Circuit Court.

**STANDARD OF REVIEW**

¶7. This case should be reviewed under a mixed standard. "[I]ssues pertaining to the interpretation and enforcement of a forum selection clause should be deemed to be questions of law and subject to de novo review." ***Titan Indem. Co. v. Hood***, 895 So. 2d 138, 145

3

(Miss. 2004). "Contract interpretation is a question of law that is reviewed de novo." ***Driver Pipeline Co., Inc. v. Williams Transp., LLC***, 104 So. 3d 845, 847 (Miss. 2012) (citing ***Warwick v. Gautier Util. Dist.***, 738 So. 2d 212, 215 (Miss. 1999)). Additionally, a "grant of a motion to transfer from chancery court to circuit court, or vice-versa, is a jurisdictional question that is subject to de novo review." ***Derr Plantation, Inc. v. Swarek***, 14 So. 3d 711, 715 (Miss. 2009) (citing ***Issaquena Warren Cntys. Land Co., LLC v. Warren Cnty.***, 996 So. 2d 747, 749 (Miss. 2008)). The standard of review for a trial court's denial of a motion to change venue, however, is abuse of discretion. ***Crenshaw v. Roman***, 942 So. 2d 806, 809 (Miss. 2006) (citing ***Baptist Mem'l Hosp.-DeSoto Inc. v. Bailey***, 919 So. 2d 1, 2 (Miss. 2005)).

## DISCUSSION

### I. Whether the chancellor erred by denying Luxe Homes' motion to transfer venue.

¶8. Following the precedent set by this Court in ***Titan***, when reviewing a forum selection clause, this Court must first determine if the clause is mandatory or permissive. ***Titan***, 895 So. 2d at 146. "If the clause is mandatory, the Court then decides if it is enforceable . . . . If it is permissive, i.e., if it does not prohibit litigation elsewhere, then the clause is not enforced." ***Id.*** The venue provision in the contract at issue in the present case states: "Venue of any action filed by either party to the contract, whether against each other or any broker or agent involved shall be the Circuit Court of Rankin County."

### A. Whether the forum selection clause is mandatory or

4

**permissive.**

¶9.     Luxe Homes argues that the chancellor erred by determining that this provision was permissive.  It argues that the provision itself limits venue to Rankin County Circuit Court and that when all provisions of the document are considered, the parties' intent that Rankin County Circuit Court was to be the exclusive venue for this case is "heavily emphasized[.]" Luxe Homes, in addition to the venue provision, relies on the following provisions of the contract which state in relevant part:

> 11.     BREACH OF CONTRACT: Specific performance is the essence of this contract, except as otherwise specifically provided for and as further delineated below:
>
> (a)     In the event of breach of this contract by Buyer, Seller at his option may either: (1) accept the earnest money deposit as liquidated damages and this contract shall then be null and void, or (2) enter suit in *Rankin County, Mississippi* for damages, giving credit on said damages for the said earnest money deposit, or (3) enter suit in *Rankin County, Mississippi* for specific performance . . . .
>
> (b)     In the event of breach of contract by Seller, Buyer at his option may either: (1) accept the return of the earnest money deposit and cancel the contract, or (2) enter suit for damages in *Rankin County, Mississippi*, or (3) enter suit in *Rankin County, Mississippi* for specific performance . . . .

(Emphasis added.)

¶10.     The Brewers argue that the venue provision is permissive because it does not contain "clear, unequivocal language expressly prohibiting litigation outside of Rankin County Circuit Court."  The Brewers rely on ***Fair v. Lighthouse Carwash Systems, LLC***, which is persuasive authority from our Court of Appeals, to further support their argument that the

5

venue provision does not contain "express language of exclusion." *Fair v. Lighthouse Carwash Sys., LLC*, 961 So. 2d 60, 64 (Miss. 2007). The forum selection clause in *Fair* stated, in relevant part, that the parties "irrevocably consent to the jurisdiction and venue of the courts of the State of Indiana, Johnson County, and the United States District Court for the Southern District of the State of Indiana with respect to any and all actions related to this Agreement or the enforcement hereof . . . ." *Id.* at 62. The court found the provision to be permissive based on federal court case law. *See Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994) (finding provision that stated "[t]he laws and courts of Zurich are applicable" to be permissive (alteration in orginal) (internal quotation marks omitted)); *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956-57 (5th Cir. 1974) (finding provision that stated "the parties submit to the jurisdiction of the courts of New York" to be permissive (internal quotation mark omitted)); *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (finding provision that stated "Contractor does further hereby consent and yield to the jurisdiction . . ." to be permissive); *Bentley v. Mut. Benefits Corp.*, 237 F. Supp. 2d 699, 700-01 (S.D. Miss. 2002) (finding provision that stated the parties "stipulate to venue in Broward County" to be permissive). These clauses are permissive because they merely prohibit the parties from contesting venue were the litigation brought in venues that were agreed to by the parties, but they do not prohibit the parties from bringing an action in a different court. *See Fair*, 961 So. 2d at 65. This Court finds that the provisions considered in *Fair*, and in the underlying federal cases, are distinguishable from

6

the plain language of the forum selection clause considered in the present case.

¶11. The forum selection clause in this case is similar to that evaluated by the district court in *Kirkland Properties, LLC v. Pillar Income Asset Management, Inc.*, 481 F. Supp. 3d 626, 629-631 (N.D. Miss. 2020). The forum selection clause in that case stated that "Unless other [sic] agreed, any litigation between the parties under this Agreement shall be conducted in a court of competent jurisdiction in Madison County, Mississippi." *Id.* at 629 (alteration in original) (emphasis omitted). Similar to the Brewers in the present case, Kirkland argued before the district court that the provision was permissive because it did not expressly prohibit venue in other jurisdictions. *Id.* at 630. The court acknowledged that "[t]ypically, words such as 'must', 'only', or 'shall' are indicators of mandatory clauses, but the presence of [these] words alone does not foreclose the possibility that venue would be permissible in an unnamed locale." *Id.* (second alteration in original) (internal quotation marks omitted) (quoting *Stanley Smith Drywall, Inc. v. Munlake Contractors, Inc.*, 906 F. Supp. 2d 588, 592 (S.D. Miss. 2011)). The court, however, stated that the use of the word *shall* in that provision "mandates that the litigation occur in a Madison County court. In other words, the parties' incorporation of the word 'shall' in this context does foreclose other alternative forums." *Id.* The Court found that Kirkland's argument took the mandatory requirements to "an extreme position." *Id.* This logic is persuasive and informs the case at hand.

¶12. Both parties submitted arguments regarding the use of the word *shall* in this venue provision. Luxe Homes argues that "shall[,]" as used here, creates a mandatory requirement

that the case must be in Rankin County, although they agree with the Brewers that use of *shall* "may not always be sufficient to establish a venue clause as mandatory without additional exclusionary language and/or in the absence of clear language establishing a specific venue." The Brewers argue that "the term 'shall' standing alone is never sufficient" to create a mandatory venue provision. The Brewers rely on *Caldas*, which stated "[e]ven though the clause now before us uses 'shall' which is generally mandatory, this clause need not necessarily be classified as mandatory." *Caldas*, 17 F.3d at 127. For the previously stated reasons, the forum selection clause in *Caldas* is distinguishable from the one before this Court.

¶13.   The venue provisions of this contract are mandatory and unambiguous and should be enforced as written. *Epperson v. SOUTHBank*, 93 So. 3d 10, 16 (Miss. 2012) ("First, we must determine whether the contract is ambiguous, and if it is not, then it must be enforced as written." (citing *Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.*, 857 So. 2d 748, 751 (Miss. 2003))). The use of the word *shall* in the venue provision and the multiple references to filing suit in Rankin County exhibit the parties' intent, at the time of the formation of the contract, that Rankin County Circuit Court was to be the exclusive venue for any dispute that arose from the agreement. Further, the Brewers' argument that the provision must use magic words to exclude all other jurisdictions stretches Mississippi case law to an extreme position. The venue provision plainly requires suit to be in Rankin County Circuit Court.

### B. Whether the forum selection clause is enforceable.

¶14. Because the venue provision is mandatory, this Court must now consider whether the provision is enforceable. *See Titan*, 895 So. 2d at 146. Forum selection clauses are presumptively valid and enforceable unless the resisting party can prove:

1.  Its incorporation into the contract was the result of fraud, undue influence or overweening bargaining power;

2.  The selected forum is so gravely difficult and inconvenient that the resisting party will for all practical purposes be deprived of its day in court; or

3.  The enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision.

*Id.* (citing *M/S Breman v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13, 92 S. Ct. 1907, 1914, 1916-1917, 32 L. Ed. 2d 513 (1972)). Luxe Homes argues that the venue provision is enforceable. It is the Brewers' responsibility, as the party claiming the provision should not be enforced, to prove any of the above reasons for unenforceability. The Brewers, however, do not address these factors. They merely claim that if any error is found in the chancellor's ruling, then it was harmless to Luxe Homes, and the case should remain in Hinds County.

¶15. The contract venue provision is enforceable. The parties agreed to these contract provisions, the forum selection clause is presumptively valid and the Brewers failed to rebut the presumption of validity. *Id.*

### II. Whether the case can properly be transferred to Rankin County Circuit Court.

¶16. The Brewers also argue that this case is within the exclusive jurisdiction of the chancery court and thus the Rankin County Circuit Court has no jurisdiction to compel specific performance concerning land in Hinds County. Luxe Homes argues that the Brewers are seeking both equitable and legal relief, so the circuit court, as a court of general jurisdiction, would have authority over the claims.

¶17. The Brewers rely on *Derr Plantation* to support their argument. *Derr Plantation*, 14 So. 3d at 715-16. *Derr Plantation* involved a dispute over the sale of land in both Issaquena and Sharkey County that was brought in Issaquena County Chancery Court. *Id.* at 714. "[T]wo years and three months after the Swareks initiated the case in [Issaquena County Chancery Court], and after suffering adverse rulings from the chancery court and this Court, they filed a motion to transfer the case to [Issaquena County Circuit Court]." *Id.* at 715. The chancellor granted the Swareks' request after determining that "the complaint ultimately sounded in breach of contract, and that the chancery court lacked jurisdiction over breach-of-contract claims." *Id.* On appeal, this Court reversed the chancellor's decision to transfer the case. *Id.* at 720. The Court stated that the chancellor would have pendent jurisdiction over the legal claims "if it appears from the face of a well-pleaded complaint that an independent basis for equity jurisdiction exists[.]" *Id.* at 716 (citing *Re/Max Real Est. Partners, Inc., v. Lindsley*, 840 So. 2d 709, 711-12 (Miss. 2003)). The Court, however, also stated that:

> Conversely, "if the complaint seeks legal relief, even in combination with equitable relief, the circuit court can have proper subject matter jurisdiction." In fact, if there is some doubt as to whether a case is within the jurisdiction of the chancery court, the case is better tried in circuit court because, "it is more

appropriate for a circuit court to hear equity claims than it is for a chancery court to hear actions at law since circuit courts have general jurisdiction but chancery courts enjoy only limited jurisdiction."

*Derr Plantation*, 14 So. 3d at 716 (citations omitted). The Court found the case was properly in chancery court because "the primary thrust of the Swareks' complaint was a request for equitable relief in the form of specific performance of a real estate contract." *Id.* at 720.

¶18. The Brewers argue that, similar to the Swareks, the primary form of relief in their complaint is specific performance. *Id.* Contract provision 11 states that "Specific performance is the essence of this contract[,]" and subsection b requires that any action for specific performance must be filed in the Rankin County Circuit Court. The Brewers, in reliance on these provisions, argue that the venue provisions are unenforceable because it would require their specific performance suit to be filed exclusively in Rankin County Circuit Court. It is the Brewers' opinion that "no competent draftsman" would have deliberately made a circuit court the exclusive forum for a real estate dispute when the parties request specific performance.

¶19. Luxe Homes argues that it is undisputed that the Brewers are seeking a combination of both equitable and legal relief and that under *Derr Plantation*, if there is any dispute over which court has jurisdiction, the claims should be heard in circuit court. *Id.* at 716. Additionally, Luxe Homes distinguishes *Derr Plantation* because that case did not involve the enforcement of a forum selection provision in a contract, which is the issue before this Court. Finally, Luxe Homes argues that the Brewers' agent was the draftsman and that any

11

ambiguity about whether Rankin County Circuit Court is the exclusive venue should be interpreted against the Brewers.

¶20. This Court finds that Luxe Homes is correct. The Brewers and Luxe Homes have an unambiguous contract that contains mandatory requirements that the suit be heard in Rankin County Circuit Court. *Derr Plantation*, while relevant to the present issue, is distinguishable from this case. The Swareks' action had been in chancery court for years, and the parties were preparing for trial when the Swareks filed a motion to transfer. *Id.* at 715. The case before this Court is still in a preliminary stage. Additionally, the Court did not consider a forum selection clause in *Derr Plantation*. The Brewers' claim that *Derr Plantation* supports their argument that Rankin County Circuit Court has no authority to order specific performance, in this case concerning land in Hinds County, is without merit. The Brewers bring claims not only for breach of contract, but also for negligent and intentional misrepresentation and a declaratory judgment, and they request not only specific performance but also reasonable attorneys' fees, general damages, special damages and punitive damages. The circuit court has jurisdiction because the Brewers request both legal and equitable remedies. Finally, any ambiguity in the venue provisions should be interpreted against the Brewers because they prepared the contract. *Wood v. Wood (In re Dissolution of Marriage of Wood)*, 35 So. 3d 507, 513 (Miss. 2010) ("One canon of contract construction is that 'uncertainties should be resolved against the party who prepared the instrument.'" (quoting *Pursue Energy Corp. v. Perkins*, 558 So. 2d 349, 352-53 (Miss. 1990))). The Brewers'

12

argument that the terms of the venue provisions are unenforceable because they require a specific performance case to be brought in circuit court is without merit.

## CONCLUSION

¶21.    This Court finds that the chancellor abused her discretion by denying Luxe Homes' motion to transfer venue.  The terms of the venue provisions in the contract between Luxe Homes and the Brewers are unambiguous, mandatory and enforceable.  Per the agreement, drafted by the Brewers' agent, venue properly and exclusively lies with the Rankin County Circuit Court. The Rankin County Circuit Court is a court of general jurisdiction that has the authority to hear the Brewers' legal and pendent equitable claims.  The chancellor's order is reversed, and the case is remanded with instructions to transfer the case to the Rankin County Circuit Court.

¶22.    **REVERSED AND REMANDED.**

  **RANDOLPH, C.J., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.  KITCHENS AND KING, P.JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**